[L. A. No. 26396. In Bank. Nov. 16, 1961.]

EDWARD LOUIS MALENGO, JR., Petitioner, v. THE MUNICIPAL COURT FOR THE EAST LOS ANGELES JUDICIAL DISTRICT OF LOS ANGELES COUNTY et al., Respondents; THE PEOPLE, Real Party in Interest.

Cary G. Branch for Petitioner.

No appearance for Respondents.

William B. McKesson, District Attorney, Harry Wood, Ralph F. Bagley, Robert J. Lord and Harry B. Sondheim, Deputy District Attorneys, for Real Party in Interest.

McCOMB, J.—This is an application for a writ of prohibition to restrain respondent court from taking any further proceedings in a prosecution for violation of section 11721 of the Health and Safety Code (use of, or addiction to, narcotics).

*Facts*: September 23, 1960, defendant was arraigned in respondent court on a complaint charging violation of section 11721 of the Health and Safety Code, a misdemeanor. He entered a plea of not guilty and waived a jury trial. Trial was set for October 21, 1960.

Defendant obtained counsel, and at the request of such counsel the trial was continued to November 18, 1960. On that date the People moved for a continuance on the ground that witnesses necessary to the People's case were in federal court and could not appear. No objection was made by defendant, and the trial was continued to January 6, 1961.

On January 6, 1961, the People moved for a continuance of one week on the ground that two witnesses necessary to the People's case, both deputy sheriffs, were engaged as witnesses in a trial in federal court. Defendant objected.

The deputy district attorney did not support his motion by affidavits or by other formal proof, but at respondent court's request inquiry was made by telephone to ascertain whether the witnesses could be released at that time.

As a result of the inquiry respondent court was informed that the witnesses would not be released from attendance on the federal trial.

Respondent court again called the case, all parties being present, and granted the People's motion for a continuance. The trial judge asked counsel for defendant what date would suit him best, and the latter answered, "Well, if I get to pick

a date I would say February 3rd,'' adding that he was suggesting that date ''only because the People's motion for a continuance has already been granted.'' The trial was then continued to February 3, 1961.

Defendant thereafter sought a writ of prohibition in the superior court to restrain further proceedings on the ground that he was not brought to trial within the time required by law. On January 30, 1961, the superior court denied defendant's petition. Defendant then filed the present petition for a writ of prohibition.

*Questions*: First. *Assuming that there was not a showing of good cause for the granting of the continuance on January 19, 1961, until February 3, 1961, was it mandatory upon respondent court to dismiss the action pursuant to the provisions of section 1382 of the Penal Code?*

*No.* Prior to 1959 section 1382 of the Penal Code provided in part as follows: ''The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . .

''3. . . . if the defendant in a misdemeanor case in an inferior court, is not brought to trial within 30 days after he is arrested and brought within the jurisdiction of the court. . . .''

Under the statute as so phrased, a defendant was entitled to go to trial, in cases where he had consented to a continuance beyond the prescribed period, on the date to which he last consented unless good cause for further delay was shown. (*Cf. People* v. *Weiss,* 50 Cal.2d 535, 559 [14] [327 P.2d 527].)

In 1959, however, subdivision 3 of section 1382 of the Penal Code was amended to provide as follows: ''3. When a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arrested and brought within the jurisdiction of the court . . . ; *except that an action shall not be dismissed* under this subdivision if it is set for trial on a date beyond the 30-day period at the request of the defendant or with his consent, express or implied . . . and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter.''[1] (Italics added.)

In the present case the People moved for a continuance of one week only, and the motion was granted. No showing of good cause was necessary in support of this request to bring

[1]Subdivision 2 of this section, relating to time of trial in felony cases, was amended at the same time and is virtually identical in its language.

defendant to trial within ten days after the last date to which he had consented (that is, January 6, 1961), since the statute provides that the action "shall not be dismissed" if this is done.[2]

It follows that respondent court did not abuse its discretion in granting the People's motion for a one-week continuance.

The trial was in fact continued to February 3, 1961, almost one month later, but that date was chosen by counsel for defendant.

There is no suggestion that defendant could not have appeared for trial within ten days after January 6, 1961, or even within the seven days requested by the People. Under such circumstances defendant cannot choose a later trial date and then complain that he was not brought to trial within the time prescribed by law. He must be deemed to have waived any objection to the continuance to the date thus chosen by him.

Second. *Are the provisions of section 1050 of the Penal Code mandatory?*

*No.* Section 1050 of the Penal Code provides: ". . . No continuance of a criminal trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance. . . . No continuance shall be granted for any longer time than it is affirmatively proved the ends of justice require."

Defendant argues that this provision is mandatory and therefore that since there was an absence of proof in open court that the ends of justice required a continuance, respondent court lost jurisdiction to proceed with the trial of the case.

This contention is devoid of merit, for the reason that section 1050 of the Penal Code, providing for the time for trial of criminal cases, is directory only and contains no provision for the dismissal of a case when its terms are not complied with. (*People* v. *Marshall,* 209 Cal. 540, 546 [5] [289 P. 629].)

---

[2]This construction of the amendment to section 1382 reflects the expressed purpose of the Judicial Council in proposing its enactment. The council explained that "It is recommended that the section be amended to provide for dismissal of all cases not brought to trial within the statutory period (unless good cause is shown) *except* when the defendant has consented to the trial being set beyond the statutory period, and that in the latter situation the case must be dismissed *if it is not brought to trial within 10 days after the last date for trial to which the defendant consented.*" (Italics added; Seventeenth Biennial Report of the Judicial Council, p. 32.)

The alternative writ is discharged, and the peremptory writ is denied.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.

Petitioner's application for a rehearing was denied December 13, 1961.