Opinion
BIGELOW, J.
The opinion in these two appeals is consolidated as the questions raised are similar, although not exactly the same. Several principles of law are common to both cases.
The Flores Case
Defendant Flores was charged in count I with driving a motor vehicle upon a public highway while under the influence of intoxicating liquor, in violation of Vehicle Code section 23102, subdivision (a) and in count II with driving a motor vehicle on a highway without holding a valid driver’s license, in violation of Vehicle Code section 12500, subdivision (a).

Procedural Facts

On October 13, 1977, defendant Flores represented by counsel and not in custody, was arraigned and entered a plea of not guilty. Trial was set for November 15, 1977.
On November 15, 1977, defendant and counsel appeared and announced ready for jury trial. The People stated that they were not ready *Supp. 6 for trial on that date. The People moved for a continuance of the trial to November 22, 1977, stating as their reason for the motion that the arresting officer was absent from the State of California due to his being on two weeks duty with the Air National Guard in Virginia. The People stated that the arresting officer would be available to testify on November 22, 1977, and thereafter.
We note that since defendant Flores was not in custody at arraignment, Penal Code section 1382 subdivision 3 provides for a time limit for speedy trial of 45 days thereafter. The 45th day after October 13, 1977, (arraignment date) fell on Sunday, November 27, 1977, a court holiday. Therefore, the last day to bring defendant to trial within those time limits would have been November 28, 1977, (a Monday and not a court holiday). The People’s request for a continuance was to November 22, 1977, well within the 45-day limit.
The trial court took judicial notice that two weeks, being fourteen days, would have put the “date” beyond the last day of November 28, 1977. Fourteen days after the November 15, 1977, appearance and original trial date, would have expired on November 29, 1977, one day beyond the forty-five-day time limit.
The trial court, on November 15, 1977, denied the People’s motion for continuance to November 22, 1977, and over the People’s objection, dismissed the action under Penal Code section 1385. The reason stated in the minute order (docket sheet) is that the People were not then ready to proceed.
Penal Code Section 1382
The applicable wording of Penal Code section 1382 is as follows: “The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:
“1....................
“2....................
“3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within . . . 45 days after his arraignment...” (italics added).
*Supp. 7 It appears that the trial court confused the People’s motion for a continuance as being one for a two week or fourteen day continuance from November 15, 1977. The People did not inform the court when the arresting officer’s two week military tour of active duty had begun, except that on November 15, 1977, he was already out of state and on that tour of duty. The People, however, were very specific that he would be available to testify on November 22, 1977, and thereafter. Since the requested date of continuance was well within the 45-day time limit of Penal Code section 1382, the trial court was not mandated by that code section to dismiss the action, nor could it reasonably anticipate on November 15, 1977, a violation of that 45-day time limit.
Right to Speedy Trial
“It is fundamental that the general right to ‘a speedy and public trial’ guaranteed by the Sixth Amendment to the United States Constitution is encompassed within the due process clause of the Fourteenth Amendment and is thus fully applicable to the states (Klopfer v. North Carolina (1967) 386 U.S. 213, 223 [18 L.Ed.2d 1, 8, 87 S.Ct. 988]). Article I, section 13 of the California Constitution contains similar language and the Legislature has reexpressed and amplified the guarantee by various statutory enactments including Penal Code section 1382.” (Townsend v. Superior Court (1975) 15 Cal.3d 774, 779 [126 Cal.Rptr. 251, 543 P.2d 619].)
In testing the reasonableness of the trial court’s action in dismissing this action, we must consider defendant’s right to a speedy trial under both the federal and the state Constitutions. “In any particular instance, a defendant is entitled to a speedy trial within the meaning of both the federal and state constitutional provisions.” (Sykes v. Superior Court (1973) 9 Cal.3d 83, fn. 9, p. 91 [106 Cal.Rptr. 786, 507 P.2d 90].) Included in that same footnote is language to the effect that even though trial may have commenced within the period prescribed by California law, a defendant could establish his entitlement to relief as having been denied a speedy trial under the federal Constitution.
The United States Supreme Court in Barker v. Wingo (1972) 407 U.S. 514, 530 [33 L.Ed.2d 101, 117, 92 S.Ct. 2182] set forth a four-element test for determining whether a delay in trial violated federal constitutional standards, as follows: “Length of delay, the reason for the delay, the defendant’s assertion of his right, and prejudice to the defendant.” The court required that these factors be considered together, none in itself *Supp. 8 being “either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.” (Id., at p. 533 [33 L.Ed.2d at p. 118].) In the case at bench, defendant did assert his right by objecting to the People’s request for a continuance. However, the delay requested was for one week from November 15, 1977, to November 22, 1977, the reason for the delay, namely that the witness was on temporary active duty with the Air National Guard out of state, was reasonable and no prejudice to the defendant was shown or established. We find that the requested continuance would not have denied defendant his right to a speedy trial under federal constitutional standards.
Our California Supreme Court found significant reasons why the balancing test of Barker v. Wingo, supra, employed in interpreting the federal constitutional provision is not applicable in interpreting our California constitutional provisions. “A material distinction is the absence of any statutory language which implements the federal constitutional guarantee while the state constitutional guarantee is so implemented, . . .” (italics added). (Sykes v. Superior Court (1973) 9 Cal.3d 83, 91 [106 Cal.Rptr. 786, 507 P.2d 90].) Penal Code section 1382 reexpresses and amplifies our California Constitution guarantee of the right to speedy trial (see Townsend v. Superior Court, supra). As a part of subdivision 3 of that section it states “. . . except that an action shall not be dismissed under this subdivision” if the defendant has agreed to a trial date beyond the 30- or 45-day time limit and he is brought to trial on the date so set for trial or within 10 days thereafter. During this 10-day “grace period,” no showing of good cause by the People is necessary for a requested continuance if the continued date requested falls within the 10-day period. (Malengo v. Municipal Court (1961) 56 Cal.2d 813, 815-816 [17 Cal.Rptr. 10, 366 P.2d 453]; People v. Kessel (1976) 61 Cal.App.3d 322, 325 [132 Cal.Rptr. 126].) It logically follows, and we hold that under the circumstances and the showing made in the case at bench, defendant would not have been deprived of his right to speedy trial if the court had granted the People’s requested continuance to November 22, 1977, a date well within the applicable 45-day time limit. The trial court’s order dismissing this action cannot be justified then on the grounds that defendant would have been denied his right to a speedy trial under either the federal or state constitutional guarantee.
Penal Code Section 1050—Continuance
The applicable language of Penal Code section 1050, effective on the November 15, 1977, date of denial of continuance, was “Contin *Supp. 9 nances shall be granted only upon a showing of good cause.” This section is not mandatory, but is directory only and contains no provision for the dismissal of a case when its terms are not complied with. (Malengo v. Municipal Court, supra.) “We have previously observed that the provisions of section 1382 [Pen. Code] are intended to implement a broader policy clearly expressed in the . . . language of Penal Code section 1050 . . . . (See Sykes v. Superior Court (1973) 9 Cal.3d 83, 88 [106 Cal.Rptr. 786, 507 P.2d 90].)” (Townsend v. Superior Court (1975) 15 Cal.3d 774, 779 [126 Cal.Rptr. 251, 543 P.2d 619].) The strong language of Penal Code section 1382 that an action “shall not be dismissed under this subdivision” when a defendant is brought to trial within some of its time limits, leads us to interpret it to mean that its provisions are controlling over those of Penal Code section 1050 to the extent that an action shall not be dismissed if the defendant is brought to trial within any of its applicable time limits unless the defendant establishes a favorable balance under the ad hoc balancing test of Barker v. Wingo, supra, i.e., the federal constitutional standards. (Sykes v. Superior Court, supra, fn. 9, p. 91.)
Dismissal Under Penal Code 1385
The applicable provisions of Penal Code section 1385 are as follows: “The court may, ... of its own motion . . . , and in furtherance of justice, order an action dismissed . . . .” Failure to bring a defendant to trial within the applicable time limits of Penal Code section 1382 requires dismissal of the action unless good cause is shown by the People. No affirmative showing of prejudice to the defendant by the delay is required. (Sykes v. Superior Court, supra, p. 89.) “On the other hand, appellate courts have shown considerable opposition to the granting of dismissals under 1385 [Pen. Code] in instances where the People are thereby prevented from prosecuting defendants for offenses of which there is probable cause to believe they are guilty as charged. Courts have recognized that society, represented by the People, has a legitimate interest in ‘the fair prosecution of crimes properly alleged.’ [Citation.] ‘ “[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion” [Citations]’ [citation].” (People v. Orin (1975) 13 Cal.3d 937, 946-947 [120 Cal.Rptr. 65, 533 P.2d 193], italics added.) (Also see People v. Kessel (1976) 61 Cal.App.3d 322, 325-326 [132 Cal.Rptr. 126].)
Applying these rules of law to the case at bench, we find that the dismissal of this action was not in furtherance of justice and constituted an abuse of discretion.
*Supp. 10 The Bustillos Case
Defendant was charged in the complaint with driving a motor vehicle upon a public highway while under the influence of intoxicating liquor, in violation of Vehicle Code section 23102 subdivision (a), on or about July 23, 1977. It was also alleged that he had suffered a prior conviction of the same offense of driving under the influence on April 1, 1975.
Procedural Facts
The complaint was filed on July 27, 1977. After two continuances requested by defendant, Bustillos, he appeared in court on September 14, 1977. Attorney Lopez appeared with defendant, on behalf of defendant’s counsel of record, Martin Castillo. Defendant, who was not in custody, was duly arraigned, entered a plea of not guilty to the current charge and denied the prior conviction. After a proper waiver of time for speedy trial guaranteed by the provisions of Penal Code section 1382, trial was set for November 29, 1977. This trial date, beyond the statutory time limit of Penal Code section 1382, was either requested by defendant or consented to by him.
On November 29, 1977, Attorney Ronald Faulk appeared in court for counsel of record “Mark” Castillo. He represented to the court that Mr. Castillo was then engaged in trial in superior court department No. 122 and would request a continuance to December 8, 1977, or to sometime in January. The trial court stated that “We have a last day of December 9” and ordered the matter “trailed” to December 8, 1977.
On December 8, 1977, the following proceeding occurred:
“The Court: People versus Tomas G. Bustillos. Tomas G. Bustillos, are the People ready?
“Ms. Wade: Your Honor, we need a two-day continuance on that, the officer is ill.
“The Court: Do you have a declaration?
“Ms. Wade: Do we have a declaration? No, your Honor, we can get one.
“The Court: Case dismissed.” Thereafter, at noon time on that date, the trial court judge related that she had spoken to Officer Brandt by *Supp. 11 telephone and believed that he was indeed ill and unable to come to court. Stating that the court could not “undismiss” the case, it suggested the People appeal the order of dismissal. This appeal by the People followed.
Penal Code Section 1382
The applicable wording of Penal Code section 1382 is as follows: “The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:
“1....................
“2....................
“3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within . . . 45 days after his arraignment . . . ; except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter. . . .” (Italics added.)
Invoking the 10-day Period
The 10-day period of section 1382 of the Penal Code is not invoked nor does it commence to run until the defendant answers ready for trial on a date to which he has consented and which is beyond the first 30-45-day limit. (Townsend v. Superior Court (1975) 15 Cal.3d 774, 783 [126 Cal.Rptr. 251, 543 P.2d 619].) On November 29, 1977, the defendant did not answer ready for trial, but instead represented that counsel of record was engaged in the trial of a different case in superior court and requested a continuance to at least December 8, 1977. Thus the 10-day period did not commence to run on November 29, 1977, and the trial court was in error in determining that it did. Under these facts the trial of the case was simply continued to December 8, 1977, at the specific request of the defendant. (Townsend v. Superior Court, supra, 15 Cal.3d 774, at p. 783.) The trial court’s error and its use of the word “trailing” rather than “continued” does not change this result.
December 8, 1977, was the earliest date on which it could possibly have been held that the 10-day period was invoked. The record does not *Supp. 12 indicate that the defendant answered ready for trial on December 8, 1977, but even assuming that he did, the 10-day “grace period” would have given the People until December 19, 1977, (Dec. 18, 1977, being a Sunday) in which to bring the defendant to trial.
The People’s request for a continuance of two days from December 8, 1977, due to the illness of the officer was well within this 10-day grace period.
In the case at bench, the record does not indicate whether or not defendant Bustillos objected to the requested two-day continuance by the People. The requested delay of two days was reasonable as was the reason for the delay, namely the illness of the officer, and no prejudice to the defendant was shown or established.
Right to Speedy Trial
Applying the right to speedy trial principles discussed above the trial court’s order dismissing this action cannot be justified on the grounds that defendant, Bustillos, would have been denied his right to a speedy trial under either the federal or state constitutional guarantee.
Penal Code Section 1050—Continuance Dismissal Under Penal Code 1385
Applying the principles of law concerning continuances under section 1050 and dismissals under section 1385 of the Penal Code as set forth above, we find that the dismissal of the action in this Bustillos case was not in furtherance of justice and constituted an abuse of discretion.
Disposition
The order dismissing the complaint in each case is reversed.
Cole, P. J., and Ibañez, J., concurred.