[Crim. No. 34260. Second Dist., Div. Five. Oct. 2, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
WILLIAM HERNANDEZ et al., Defendants and Respondents.

452

## COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Dirk L. Hudson, Deputy District Attorneys, for Plaintiff and Appellant.

Leo Fasen, under appointment by the Court of Appeal, Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Albert DeBlanc, Jr., H. Reed Webb and Leighton A. Nugent, Deputy Public Defenders, for Defendants and Respondents.

## OPINION

**ASHBY, J.**—In this robbery prosecution (Pen. Code, § 211), the People appeal from an order of dismissal entered pursuant to Penal Code section 1382. (Pen. Code, § 1238, subd. (a)(8).)

Penal Code section 1382 provides in pertinent part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: [¶] 2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information . . .; *except* that an action *shall not be dismissed* under

this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, or because of his neglect or failure to appear and *if the defendant is brought to trial on the date so set for trial or within 10 days thereafter.*" (Italics added.)

In this case respondents Hernandez and Asch, through their counsel, consented to a trial date of August 10, 1978, which was more than 60 days from the filing of the information on May 11, 1978. The 10-day grace period in section 1382 began running on that date (*Tudman* v. *Superior Court,* 29 Cal.App.3d 129, 133 [105 Cal.Rptr. 391]), and the trial court so assumed when it ordered on August 10 that "The court, due to congested calendar, trails trial to a date not later than 8-21-78 [August 20 being a Sunday]." After consultation with the trial coordinator as to how long the trailing time was likely to be, the court on August 10 ordered the parties to return on August 18.

However, on August 17 the cause was called for trial. Counsel for respondents Hernandez and Asch announced that they were ready to proceed. The prosecutor announced he was not ready to proceed, because the robbery victim was unavailable. "We had a subpoena that we mailed to the person named in the Information as the victim, that is Mr. Rodolpho Ramirez. After this case was announced ready, I understand we received the subpoena back in the mail that there was no such person at that address. [¶] Even today I'm having a man go out to that particular area and try to subpoena him."

The following interchange occurred: "THE COURT: It seems to me that all of this should have been done prior to your answering ready on August the 10th. [¶] We have wasted one day of trial and court time yesterday, and I'm not going to waste any more trial time of this court, because of the inefficiency of your office. . . . [¶] . . . As far as I'm concerned in the absence of any return of service there is no legal cause to grant the motion to continue.

"MR. LYNN [the prosecutor]: Well, Your Honor, in this particular case, since there has been—there have been defense continuances in the case—we would ask that the full 10-day trailing period be carried out, and that the case continue to trail to tomorrow, until Monday [August 21], and, of course, on Monday it would be our last opportunity to be ready on the case.

"THE COURT: I will not do that. [¶] When the People answered ready both the prosecution and the defense, the case is supposed to go to trial the next day, and the day after that, and a day after that, or whenever a court opens up. This court has opened up as of yesterday and this court is open now. [¶] You are supposed to be ready within the 10-day period. [¶] In the absence of legal cause, and I see none, I will not continue this case any further.

"MR. LYNN: I don't think it is a matter of continuance. I think it is a matter of we have a statutory 10 days.

"THE COURT: You do not have a statutory time. That is a statutory period to cover the unavailability of a trial court. [¶] You have answered ready, and you have no return of services of any subpoenas and I'm not going to continue it. [¶] What is the position of the defendant Hernandez?

"MR. FASEN [counsel for Hernandez]: We are ready to proceed. If the People are not ready, then we make a motion to dismiss under 1382."

When the prosecutor announced he was not ready to proceed with jury selection the court dismissed the case. "The court will invoke its discretion under 1382 of the Penal Code and both defendants being in custody . . . [t]hey are entitled to be brought to trial, so the court will dismiss the Information as to each defendant under 1382 based upon the fact that the People are not ready to proceed and refuse to proceed with the jury selection."

## DISCUSSION

█ The People correctly contend that the trial court had no discretion to dismiss the case on August 17, which was prior to the expiration of the statutory 10-day period ending Monday, August 21, 1978. The statute provides that an action "*shall not be dismissed* under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, . . . and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter." (Italics added.) Although the People had no good cause for being unready to proceed on the 17th, good cause is not the issue. No showing of good cause by the prosecution is necessary for a continuance to a date which is within the 10-day grace period. (*People* v. *Kessel,* 61 Cal.App.3d 322, 325 [132 Cal.Rptr. 126]; *Malengo* v. *Municipal Court,* 56 Cal.2d 813, 815-816 [17 Cal.Rptr. 10, 366 P.2d 453]; see also *People* v. *Flores,* 90 Cal.App.3d

Supp. 1, 8 [152 Cal.Rptr. 896].) The statutory grace period is an exception to the good cause requirement in the introductory clause of the statute. (Pen. Code, § 1382.)

Respondents argue that in the alternative the dismissal may be upheld under Penal Code section 1385 which authorizes the court on its own motion to dismiss "in furtherance of justice."[1] However, the Legislature has specifically determined in section 1382 that 10 days is a reasonable time in which to bring to trial a defendant who has consented to a postponement beyond the original 60-day period. A dismissal within the 10-day period would be contrary to legislative policy and thus not in furtherance of justice. (See *People* v. *Kessel, supra,* 61 Cal.App.3d at pp. 325-326; *People* v. *Flores, supra,* 90 Cal.App.3d Supp. at p. 9. See also Judicial Council of Cal. 17th Biennial Rep. (1959) p. 32.)

The order of dismissal is reversed.

Kaus, P. J., and Hastings, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied December 4, 1979.

---

[1] In fact, the court's minute order of August 17 ambiguously recites, ". . . The defendants' motion pursuant to Section 1382 Penal Code is granted in that the Court on its own motion dismissed the information pursuant to Section 1385 Penal Code in the interests of justice . . ."