[Crim. No. 37963. Second Dist., Div. One. Oct. 6, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
LAD EARL RUBAUM, Defendant and Respondent.

COUNSEL

Burt Pines, City Attorney, Rand Schrader and Ray L. Hart, Deputy City Attorneys, for Plaintiff and Appellant.

John K. Van de Kamp, District Attorney, Harry B. Sondheim, Chief Deputy District Attorney, Johnnie L. Cochran, Jr., Assistant District Attorney, Donald J. Kaplan and George M. Palmer, Deputy District Attorneys, as Amici Curiae on behalf of Plaintiff and Appellant.

Alvin Hirsch for Defendant and Respondent.

Opinion

**HANSON (Thaxton), J.**—The decision of the trial court dismissing the charges of prostitution against defendant herein was appealed to and affirmed by a two-judge majority in the appellate division of the superior court with a dissent by Acting Presiding Judge Bigelow. At the request of the Los Angeles City Attorney this court in the exercise of its authority under rule 62(a) of the California Rules of Court ordered this case transferred for hearing and decision in order to secure uniformity of decision and to settle important questions of law. We adopt herein the reasoning of the dissenting opinion by Judge Bigelow.

This appeal presents us with the issue of whether a trial judge's dismissal of an action pursuant to Penal Code section 1385,[1] for the reason that the prosecution was unable to proceed, is a proper order when the dismissal is made prior to the running of a defendant's speedy trial rights as specified in section 1382.

Facts

Defendant was charged with prostitution in violation of section 647, subdivision (b). He was arraigned, while not in custody, on August 16, 1979. After his plea of not guilty was entered, the case was set for trial on September 20, 1979. The 45 days prescribed in section 1382 would have expired on October 1, 1979 (Sept. 30, the 45th day, fell on a Sunday). When the case was called for trial on September 20, the prosecutor asked for the case to "trail" to September 25 as the sole witness for the People, a female officer, was on personal vacation. The trial court properly treated this request as a motion for a continuance. The defendant objected to the court's consideration of the motion as no notice or affidavit showing good cause pursuant to section 1050 was filed two days prior to trial by the prosecutor. The court in the exercise of its discretion permitted the prosecutor to make and argue the oral motion.

The prosecutor argued that no good cause need be shown to obtain a continuance during the 45-day speedy trial period. She conceded that the officer's vacation was not good cause for a continuance under section 1050. Relying on *People* v. *Flores* (1979) 90 Cal.App.3d Supp. 1 [152 Cal.Rptr. 896], she argued that in effect the People had a right

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

to a continuance so long as the 45 days had not expired. Defense counsel argued that the failure of the People to serve the officer prior to her leaving on vacation showed a lack of good cause and that he had called the prosecutor the preceding week to determine if the case would be going to trial on the scheduled date.

The trial court denied the motion to continue, no good cause having been shown as required by section 1050.[2] The judge then dismissed the case for the inability of the prosecutor to proceed, relying on section 1385. He expressly did not rely on section 1382 as the foundation for the dismissal order. The People appealed.

## DISCUSSION

The appellate division of the superior court in *People* v. *Flores, supra*, dealt with facts in a case substantially similar to the present case, and reversed the dismissal of charges against defendant Flores where the requested continuance date was within the 45-day period and dismissal was based on section 1385. The *Flores* court as a result of its analysis of the constitutional and statutory speedy trial rights of a defendant held that section 1382 prevailed over both sections 1050 and 1385.

■ We are ever mindful of a defendant's fundamental right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and encompassed within the due process clause of the Fourteenth Amendment (*Klopfer* v. *North Carolina* (1967) 386 U.S. 213, 223 [18 L.Ed.2d 1, 8, 87 S.Ct. 988]) and article I, section 13 of the California Constitution (*Townsend* v. *Superior Court* (1975) 15 Cal.3d 774, 779 [126 Cal.Rptr. 251, 543 P.2d 619]).

The *Flores* court with due regard to the proprieties noted the four-element test in determining whether a delay has violated federal constitutional standards. It found that by these standards which include length of delay, the reason for the delay, the defendant's assertion of his

---

[2]The docket reveals the following: "People motion to continue because People witness on personal vacation. People learned of witness vacation this date [Sept. 20] and had not subpoena [*sic*] earlier. Trial date was set 8-16-79 and People first attempt to locate witness on 8-31-79. Matter argued. Court considering the charge, the usual sentence of 12 months of summary probation and a fine of $150.00, the appearance of the defendant, the defendant's occupation and appearance in the arraignment court and to assure the orderly processing of cases in the master calendar. Motion is denied."

right, and prejudice to the defendant (*Barker* v. *Wingo* (1972) 407 U.S. 514, 530 [33 L.Ed.2d 101, 116-117, 92 S.Ct. 2182]) defendant Flores was not deprived of a speedy trial. It further observed that the balancing test of *Wingo* is obviated by the statutory language which implements the guarantee of speedy trial under the California Constitution (*Malengo* v. *Municipal Court* (1961) 56 Cal.2d 813, 815-816 [17 Cal. Rptr. 10, 366 P.2d 453]). Section 1382, subdivision 3, provides that an action shall *not* be dismissed thereunder if defendant has agreed to a trial date beyond the 30- or 45-day time limit and he is brought to trial on the date set or within a 10-day "grace period" thereafter. No showing of good cause is required on a People's request for a continuance if the *continued date* falls within that 10-day period. On this basis the *Flores* court reversed a trial court dismissal because the continued date requested by the People in the absence of a showing of good cause was within the applicable 45-day time limit of section 1382.

The *Flores* decision further concluded that section 1050 permitting continuance only on a showing of good cause was merely directory and the mandatory language of section 1382 would therefore be controlling "unless the defendant establishes a favorable balance under the ad hoc balancing test of *Barker* v. *Wingo, supra,* i.e., the federal constitutional standards. (*Sykes* v. *Superior Court* [(1973) 9 Cal.3d 83 (106 Cal.Rptr. 786, 507 P.2d 90)] fn. 9, p. 91.)" (*People* v. *Flores, supra,* 90 Cal. App.3d Supp. 1, 9.) The court pointed out in addition that dismissals "in furtherance of justice" (§ 1385) are not favored since these preclude the fair prosecution of crimes properly alleged by the People. Therefore, a dismissal improper under section 1382 is not in furtherance of justice and constitutes an abuse of discretion on the part of the trial court.

This decision was followed by *People* v. *Hernandez* (1979) 97 Cal. App.3d 451 [158 Cal.Rptr. 742], in which a unanimous court approved the reasoning in *Flores* in a dismissal where the requested continued date lay within the grace period following a trial date beyond the 60-day speedy trial date applicable to felonies which was consented to by the defendants (§ 1382, subd. 2; see also *People* v. *Kessel* (1976) 61 Cal.App.3d 322 [132 Cal.Rptr. 126]). The *Hernandez* court specifically found that the trial court had no discretion to dismiss for a continued trial date which was prior to the expiration of the statutory 10-day period of section 1382 and rejected the argument that the dismissal could be upheld under section 1385 since that would be contrary to legislative policy which established the 10-day period as a reasonable delay. This

court on similar grounds recently reversed a dismissal of murder charges against a defendant who had requested and stipulated to various continuances where the People's request for a further continuance of not more than one week insured that the trial date would be within the 10-day period. (*People* v. *Arnold* (1980) 105 Cal.App.3d 456 [164 Cal.Rptr. 367].)

■ Paraphrasing Judge Bigelow's further reasoning we note that article IV, section 9 of the California Constitution provides in pertinent part: "A statute shall embrace but *one subject,* which shall be *expressed in its title.* If a statute embraces a subject not expressed in its title, *only the part not expressed is void.*" (Italics added.) The title in West's Annotated Code to section 1050 is "Expediting trials; precedence of criminal cases; continuances, notice, proof required, attorney member of legislature; minute entry of facts requiring; notice of necessity to dismiss action." It is contained in title 6, part 2, chapter 8, which in turn is entitled "Formation of the Trial Jury and the Calendar of Issues for Trial." The only reference to dismissal of an action is simply a requirement to notify the "Chairman of the Judicial Council" whenever it appears that any court may be required, because of the condition of its calendar, to dismiss an action pursuant to section 1382 of this code. Section 1050 is directory only and does not mandate any dismissal of an action by its terms. (*Malengo* v. *Municipal Court, supra,* 56 Cal.2d 813, 815-816.)

By contrast sections 1382 and 1385 appear in title 10, part 2, chapter 8, entitled "Dismissal of the Action for Want of Prosecution or Otherwise." The title to section 1382 in West's Annotated Code is "Failure to file information or bring case to trial within time limit, dismissal."

Section 1385 requires that the dismissal of an action be "in furtherance of justice" and that the court set forth its reasons for dismissal in an order entered upon the minutes. The cases of *Hernandez* and *Arnold* have specifically held that a dismissal within the 10-day grace period set forth in section 1382 is against legislative policy and thus *not* in furtherance of justice. This 10-day grace period is only activated if the defendant has consented to a trial date *beyond* the time limits set in section 1382. Obviously a continuance date within the specified time limits should not render the case subject to dismissal if a continuance within the 10-day grace period does not do so.

We note, further, section 1048 as amended in 1979 (eff. Jan. 1, 1980) which deals with calendar priorities specifically provides that in all criminal actions wherein a minor is a victim, etc., or wherein any person is a victim of any specified forcible sex crimes the trial shall be commenced within 30 days after arraignment unless good cause is shown, etc. However, in stating this legislative policy, the section carefully ends with "Nothing in this section shall be deemed to provide a statutory right to a trial within 30 days." This clearly evidences the legislative intent to leave the statutory time limits for speedy trial to section 1382 where it has *always been.*

## DISPOSITION

The judgment (order of dismissal) is reversed.

Jefferson (Bernard), Acting P. J.,* and Lillie, J., concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.