*Supp. 4 Opinion
SHABO, J.
The People appeal from an order of dismissal entered pursuant to Penal Code section 1385. For reasons which follow, we have concluded that the order was erroneously made and must be reversed.
Defendant was charged by complaint with three counts of violating Penal Code sections 242 and 243 (battery on a peace officer). At his arraignment, at which he was represented by counsel, trial was set for April 26, 1983. On that date, on defense counsel’s motion the matter was continued to the disposition calendar in the misdemeanor master calendar court, division 90, to May 19, 1983, and thereafter trailed, due to the unavailability of defense counsel, to May 20, 1983.
On that date, with defendant present with counsel but the prosecutor not then being present, the court called the matter, at which time defense counsel stated:
“He’s present with counsel. This is a D.A. case, if the court please, and I can’t get any satisfaction from the district attorney. They act as though this case is some poor orphan.
“I do have a proposed solution, that is, that defendant would be willing to enter a plea, a pre-plea, request sentencing report through pre-plea, and on the basis of that, have your Honor evaluate it and perhaps offer a tentative disposition, which I can then serve on the People.
“Is that agreeable? The defendant is a lawyer who is also a cab driver and it involves a misunderstanding in an altercation at the Los Angeles International Airport.” The court responded:
“People v. Johnson, case is dismissed. The People aren’t ready to proceed. I’m tired of the District Attorney just sending these cases and not showing up, not calling us, not honoring us with their presence.
“On the Court’s motion, case is dismissed. People are not ready to proceed.”
The record on appeal reflects that in fact a deputy district attorney was present at the proceedings but had not identified herself on the record although she had done so to the clerk. The record further reflects that, “The People were available on call in Division 91 on May 19 and 20, 1983,” and that division 91, described as “the Felony Court,” was located next door to division 90, the “Master Misdemeanor Calendar Court.”
*Supp. 5 According to an addendum to the settled statement certified by the court below, prior to May 20, 1983, in division 90, a master calendar court, there were other cases called by the court in which the district attorney did not appear, did not call, and “frustrated” the Court’s attempt at moving a busy calendar. The instant dismissal was “meant to send a message that the Court would no longer tolerate such conduct.”
On appeal, the People contend that the trial court’s order of dismissal constituted an abuse of discretion and must be reversed.[1] We agree. We have concluded that the order of dismissal, entered without affording the prosecution notice and an opportunity to be heard, was improper, and that, in any event, the dismissal was not “in furtherance of justice.”
In People v. Gonzales (1965) 235 Cal.App.2d Supp. 887 [46 Cal.Rptr. 301], this court reversed an order of dismissal which was made in the absence of and without prior notice of the court’s intended action to the prosecution. Emphasizing the adversary nature of our criminal procedure and the position of the prosecutor in a criminal action, we stated that, “The interests of justice will be better promoted, especially in a proceeding prior to trial, by requiring the municipal court acting on its own motion (and not that of the prosecuting attorney) under section 1385 to give notice to the prosecutor and a reasonable opportunity to be present, ...” (Id., at p. 891.) We cited several policy reasons in support of this rule: first, notice to the prosecutor and a reasonable opportunity to be present enables the trial judge to make a more informed decision; second, the basic concept of fairness requires notice if the rights of an adverse party are likely to be affected;[2] third, in order to promote the general respect of the public for the courts and the judicial process, notice and opportunity to be heard are essential; and, finally, to protect judges of lower courts against unfair and improper pressures sometimes placed upon them by members of the public who are charged with misdemeanors and infractions. (Id., at pp. 891-893.)
In the case before us we conclude that the trial court’s order of dismissal, made without affording notice to the prosecution and an opportunity for it to be heard, contravened many of the policies articulated in *Supp. 6 Gonzalez and on this basis alone constituted an invalid order. {People v. Gonzalez, supra, 235 Cal.App.2d Supp. 887.)
Penal Code section 1385 provides: “The judge or magistrate may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading.”[3]
The trial court’s power to dismiss an action pursuant to section 1385, while broad, is by no means absolute. The power is limited by the requirement that the dismissal be “in furtherance of justice.” The boundaries of the court’s power under section 1385 have been established by precedent {People v. Orin (1975) 13 Cal.3d 937, 945 [120 Cal.Rptr. 65, 533 P.2d 193]).
In Orín our Supreme Court set forth the parameters of the power observing that paramount among the general principles established by the case law is the rule “ ‘that the language of that section, “furtherance of justice,” requires consideration both of the constitutional rights of the defendant, and the interests of society represented by the People, in determining whether there should a dismissal. [Citations.]’ ” and that, at a minimum, “the reason for dismissal must be ‘that which would motivate a reasonable judge.’ ” {People v. Orín, supra, at p. 945. Italics in original.) The court further declared that while pretrial dismissals have been upheld where designed to enable the prosecution to obtain further witnesses, to add additional defendants, to plead new facts, or to plead new offenses, and have also been used to effectuate plea bargains arranged between the People and the defense and approved by the court, “appellate courts have shown considerable opposition to the granting of dismissals under section 1385 in instances where the People are thereby prevented from prosecuting defendants for offenses of which there is probable cause to believe they are guilty as charged. Courts have recognized that society, represented by the People, has a legitimate interest in ‘the fair prosecution of crimes properly alleged.’ (Citation omitted.) ‘“[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion.” [Citations.]’” {Id., at pp. 946-947.) Finally, our Supreme Court observed that allowing trial judges to make liberal use of section 1385 “to avoid criminal prosecutions where probable cause exists to believe con *Supp. 7 viction is warranted would be contrary to the adversary nature of our criminal procedure as prescribed by the Legislature.” (Id., at p. 947.)
For the foregoing reasons we have determined that the order on its merits constituted an abuse of the court’s discretion. On the record before us we cannot say that the reason for the dismissal was that which would motivate a reasonable judge. (People v. Orin, supra, 13 Cal.3d at p. 945; People v. Curtiss (1970) 4 Cal.App.3d 123, 126 [84 Cal.Rptr. 106].) The dismissal arbitrarily deprived society of its legitimate interest in the fair prosecution of crimes properly alleged and curtailed society’s interest in enforcement of its penal laws without a showing of detriment to the defendant. (See People v. Orin, supra, at p. 947.)
The record reflects that, unlike cases in which the court’s power of dismissal is invoked to protect the defendant’s right to a fair trial (see, e.g., People v. Mejia (1976) 57 Cal.App.3d 547 [129 Cal.Rptr. 192]; People v. Johnson (1976) 62 Cal.App.3d Supp. 1 [133 Cal.Rptr. 123]; cf. Wilson v. Superior Court (1977) 70 Cal.App.3d 751 [139 Cal.Rptr. 61]; People v. Peinado (1976) 67 Cal.App.3d Supp. 1 [136 Cal.Rptr. 845]); or to a speedy trial (see, e.g., Jones v. Superior Court (1970) 3 Cal.3d 734 [91 Cal.Rptr. 578, 478 P.2d 10]; cf. People v. Flores (1978) 90 Cal.App.3d Supp. 1, 9 [152 Cal.Rptr. 896] [recognizing that failure to bring a defendant to trial within time limit of Pen. Code, § 1382, requires dismissal unless good cause is shown by the People]), or to effectuate an overriding public policy goal (see, e.g., People v. Jordan (1978) 86 Cal.App.3d 529 [150 Cal.Rptr. 334]), the dismissal at bench serves no paramount policy objective. Rather, the order of the court below frustrated “the orderly and effective operation of our criminal procedure as envisioned by the Legislature [inasmuch as the court’s power was exercised] without proper and adequate reason under section 1385 [thereby terminating] the prosecution of [the] defendants for crimes properly charged in accordance with legal procedure.” (People v. Orin, supra, 13 Cal.3d 937, 947.)
In reaching the foregoing conclusion, we are aware of the heavy pressures of case load upon the municipal courts as well as the waste of public funds and scarce judicial resources occasioned by permitting cases to trail or be continued within the time limit of Penal Code section 1382.[4]
*Supp. 8 However, in view of the fundamental right of the People to prosecute defendants upon probable cause to believe they are guilty (People v. Kessel, supra, 61 Cal.App.3d 322, 326; People v. Mack (1975) 52 Cal.App.3d 680 [125 Cal.Rptr. 188]; cf. People v. Orin, supra, 13 Cal.3d 937, 947, 948-951), neither judicial convenience, court congestion, nor judicial pique, no matter how warranted, can supply justification for an order of dismissal.[5]
The order of dismissal is reversed.
Reese, P. J., and Cooperman, J., concurred.

Respondent has not filed a brief in this matter.

In this connection we observed: “We, of course, take judicial notice of the heavy case load of cases processed and exigencies peculiar to the municipal courts; and we do not say that a formal written notice is required. In certain cases, just a telephone call to the prosecutor with a reasonable opportunity to appear might be adequate. But some kind of notice is a requisite and the onus thereof is not unreasonable.” (Id., at p. 892.)

The trial court did comply with the requirement of setting forth in its minutes the reasons of the dismissal. {People v. Peinado (1976) 67 Cal.App.3d Supp. 1, 9 [136 Cal.Rptr. 845].) The People do not contend otherwise.

Courts have interpreted section 1382 to permit the prosecution, without suffering a dismissal, to continue cases within the statutory period without the necessity of showing good cause (see, e.g., People v. Rubaum (1980) 110 Cal.App.3d 930 [168 Cal.Rptr. 291]; People v. Arnold (1980) 105 Cal.App.3d 456 [164 Cal.Rptr. 367]; People v. Hernandez (1979) 97 Cal.App.3d 451 [158 Cal.Rptr. 742]; People v. Flores (1978) 90 Cal.App.3d Supp. 1 [152 Cal.Rptr. 896]; see, also, People v. Kessel (1976) 61 Cal.App.3d 322 [132 Cal.Rptr. 126].)
These decisions appear to us to be inappropriate: At a time when unprecedented demand is placed by an impatient public upon scarce judicial resources and when public confidence *Supp. 8 in the judiciary’s capacity to deal quickly with urgent societal issues is weak at best, these precedents deprive the courts of a much-needed power to order dismissals in cases in which the prosecution is dilatory; indeed, the unfortunate effect of these decisions is often to encourage inefficient preparation of cases and resulting waste of costly court time. We therefore hope that the Legislature will take appropriate action to remedy this unnecessary situation.

As an independent branch of government, courts have inherent powers requisite to their effective functioning. Thus, in addition to informal administrative remedies to ensure prompt attendance of deputies of the district attorney and of the public defender, the courts possess the power of contempt (Bloniarz v. Roloson (1969) 70 Cal.2d 143, 147-148 [74 Cal.Rptr. 285, 449 P.2d 221]; Lyons v. Superior Court (1955) 43 Cal.2d 755, 758 [278 P.2d 681]; see Mowrer v. Superior Court (1969) 3 Cal.App.3d 223, 230 [83 Cal.Rptr. 125]) as well as the statutory authority to impose monetary sanctions for unnecessary delay. (Code Civ. Proc., § 128.5; see Pen. Code, § 1050.5.)