[No. F011909. Fifth Dist. Mar. 16, 1990.]

THE PEOPLE, Plaintiff and Appellant, v.
RONNY KEITH FERGUSON, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, W. Scott Thorpe, Edgar A. Kerry and George C. Spanos, Deputy Attorneys General, for Plaintiff and Appellant.

Richard L. Phillips and George Bond for Defendant and Repondent.

**OPINION**

**VARTABEDIAN, J.**—The People appeal the lower court's order of dismissal. We reverse based upon the discussion that follows.

An information was filed on November 17, 1988, charging Ronny Keith Ferguson, respondent herein, with possession of amphetamine (Health & Saf. Code, § 11377, subd. (a)), and possession of a nunchaku (Pen. Code, § 12020, subd. (a)).[1] As to the amphetamine charge, it was further alleged that the offense was committed while respondent was armed with a firearm. (§ 12022, subd. (a).) Respondent was arraigned on the following day when he pleaded not guilty and waived statutory time for trial. He was out of custody and so remained throughout the proceedings.

On January 30, 1989, the date originally set for trial, the case was trailed. On February 6, 1989, the court granted respondent's request to replace his attorney. Trial was reset for March 6, 1989, with respondent's acquiescence. On February 23, his new counsel requested a new date for the hearing of pretrial motions and a later trial date of March 20, 1989. The motion was granted only to the extent of allowing a new motion date.

Evidently there were no available trial courts on March 6, 1989, resulting in the trailing of the case, first to March 7 and eventually to March 9, 1989, when the case was dismissed. The clerk's minutes of the hearing before the

---

[1] All further code references are to the Penal Code unless otherwise noted.

assigned trial judge include the following: "John King, counsel for the Defendant, moves the court to dismiss based upon the fact the People are not ready to proceed. Motion granted." There is no reference to the code section authorizing the dismissal.

The reporter's transcript indicates the circumstances surrounding the dismissal: "THE COURT: This is the time set for the trial of the People of the State of California versus Ronnie [*sic*] Keith Ferguson.

"Mr. Ferguson is present in the courtroom with his counsel, Mr. King, and the People are represented by Mr. Sparks.

"Are we ready to proceed?

"MR. SPARKS: The People are not ready. As chief deputy, I am here specially to prepare the record in this case because I expect this Court to dismiss to the prejudice of the prosecution.

"As the presiding department well knew this morning when this case was assigned to this department for trial, Mr. Chris White is assigned for prosecution in this case. He has been in trial since Tuesday of this week, he expects to finish this afternoon. On Tuesday when the case he apparently is trying was assigned, he specifically requested that this case trail until Monday.

"As the Court can see from the record, the first day that this case was called for trial was on Monday of this week. We have until the 16th for the statutory period within which to try this case.

"Judge Westra trailed it to today to see what the status of Mr. White was. There was no notice to the District Attorney's Office that he intended to assign this case until Mr. White was available. Mr. White will be available this afternoon, he can pick a jury as soon as he finishes that case. In fact, this case could have been assigned behind his trial in that department. Judge Westra instead has chosen to prejudice the prosecution and the People of this county again, the second time this week.

"I cannot respectfully reassign this case no matter how simple it is in the eyes of Judge Westra. Each time I reassign a trial, it creates a domino affect [*sic*] of another reassignment after another reassignment.

"I apologize to the Court if there is anger in my voice. It is not directed at you personally, it is directed to the presiding department of this Court.

"THE COURT: Mr. King.

"MR. KING: Well, we—the case was trailed until today, your Honor. We came ready for trial. I don't believe it was trailed to today just simply to see if someone else would be—if the District Attorney would have someone available. It was trailed until today to be referred out in the event there was an available court and the defendant was ready to proceed. Those conditions have been met, and it is the responsibility of the District Attorney to have someone available to prosecute it.

"MR. SPARKS: The defendant has not stated any prejudice—excuse me, your Honor, I didn't mean to interrupt.

"THE COURT: Are you making a motion to dismiss?

"MR. KING: I will make a motion to dismiss at this time. We are ready to proceed and that's sufficient. I don't believe we need to show prejudice. We have a right to proceed when there is an open court and when we're ready, and we're ready.

". . . . . . . . . . . . . . . . . . .

"THE COURT: All right.

"The Court having considered this matter and does know that this case has been trailing since Monday, it is my understanding that the case was trailing and that it is the responsibility of the District Attorney to try to find another attorney to handle the case when their assigned attorney is in trial, and it would appear as though the District Attorney's Office knew that their attorney was in trial and should have been prepared to assign it to another attorney. Understanding, of course, the problem, the work load you have in the office, Mr. Sparks, it would also appear that if Mr. White was available this afternoon, that he could have begun—another attorney could have begun the selection of this jury, and I have seen that done in other cases where the jury panel has been selected by an attorney different than the one that would try the case.

"MR. SPARKS: I've seen it done, too, your Honor, not to interrupt, but I have seen it done only in circumstances when the case was approaching the statutory limits which this is not.

"THE COURT: All right.

"And then also the fact that the Court does have, also like the District Attorney's Office, has a lot of trials going through the system right now,

and we want to try and keep them running, and under the circumstances this is an available courtroom today and if the case did not go today, then we sit around and that's what I will basically be doing except for other stuff that I have under submission, but I mean as far as the availability during the day to try cases, we will be available.

"With that in mind, based upon the fact that the case has been trailing and there is no District Attorney available to try the case, I am going to have to grant the defendant's motion at this time, Mr. Sparks."

## DISCUSSION

A. *Was the dismissal pursuant to section 1382 or section 1385?*

Section 1382 provides in pertinent part: "The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases:

". . . . . . . . . . . . . . . . . . . .

"(b) When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information . . .; except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with the defendant's consent, express or implied, or because of the defendant's neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter. . . .

". . . . . . . . . . . . . . . . . . ."

Section 1385, subdivision (a) provides: "(a) The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

The People contend that the court erred if it dismissed the case pursuant to section 1382 because the statutory time period had not run. Respondent contends that section 1382 has no application to this case whatsoever.

■ Section 1382 does not authorize the granting of a motion, as here, made within the 10-day period after the scheduled trial date, where the initial 60-day entitlement period has been waived. The arguments of the

parties in this regard thus require no further discussion. Nonetheless, cases discussing section 1382 are valuable to our consideration of whether the court abused its discretion as we explain later.

Nor can the motion have been properly made pursuant to section 1385, argue the People, since a defendant is not authorized to make such a motion.

Respondent counters that the motion should be construed as having been raised by the People in their initial comment or by the court in its inviting such motion.

First, the prosecutor's comment that "I expect this court to dismiss" the case needs to be considered in its context. The chief deputy prosecutor was appearing before this trial department after the case was assigned there by the master calendar judge who had earlier refused to trail the case on this particular morning. In counsel's words, he was there "specially to prepare the record" expecting that this case would be dismissed, in spite of the prosecution's objection, like a similar case earlier in the week. Given this context, we cannot say we construe the motion to have been made by the People.

Second, any ambiguity in the record as to whether this was respondent's motion or the court's appears to be resolved by the minute's attribution of respondent as the moving party. However, we assume arguendo the court's solicitation places this matter within the authority of section 1385 to allow us to determine whether the court abused its discretion.

B. *Is the dismissal invalid because the court failed to state reasons for the dismissal in the court's minutes?*

The People contend the dismissal pursuant to section 1385 is invalid because the court failed to set forth its reasons in the order entered upon the minutes.

It is well established that the requirement of section 1385 that the court issue a statement of reasons in the order is mandatory, "and in the absence of such statement 'the order may not be considered a dismissal under section 1385.'" (*People* v. *Hunt* (1977) 19 Cal.3d 888, 897 [140 Cal.Rptr. 651, 568 P.2d 376]; see also *People* v. *Superior Court* (*Flores*) (1989) 214 Cal.App.3d 127, 135 [262 Cal.Rptr. 576]; *People* v. *Price* (1986) 184 Cal.App.3d 1405, 1410 [229 Cal.Rptr. 550].)

However, the minutes here do expressly state a purported reason for the dismissal that was adopted by the trial court: "the People are not ready to proceed."

This statement of reason, although lacking in detail, surpasses that which was found to be nonexistent in *People v. Orin* (1975) 13 Cal.3d 937 [120 Cal.Rptr. 65, 533 P.2d 193], cited by the People. There, the court held that merely checking a box at the bottom of a printed form does not fulfill the purposes of the statute but leaves the record vague and subject to speculation. (*Id.* at pp. 944-945.)

"Penal Code section 1385, while endowing the trial court with broad discretion, does not grant absolute discretion. The requirement of the statute that a 'dismissal' in the 'furtherance of justice' be accompanied by a specification of reasons, acts as a restraint on the exercise of that discretion and contemplates that the exercise of such discretion be reviewable by a higher court. [Citations.]" (*People v. Sanders* (1983) 145 Cal.App.3d 218, 225 [193 Cal.Rptr. 331], disapproved on other grounds in *People v. Mattson* (1984) 37 Cal.3d 85 [207 Cal.Rptr. 278, 688 P.2d 887].)

Although we are satisfied that some reason was recited in the minutes, capable of review, we are left to determine its sufficiency in evaluating the exercise of the court's discretion on that basis.

C. *Did the court abuse its discretion when it ordered the case dismissed?*

 The cases cited by the People present analogous circumstances which correctly support the position that the court abused its discretion. In *People v. Kessel* (1976) 61 Cal.App.3d 322 [132 Cal.Rptr. 126] the case was dismissed on the 60th day when the People requested a 7-day continuance because the assigned district attorney was presently unavailable. When this did not please the court, a new district attorney was assigned and requested a continuance because he was unacquainted with the facts. (*Id.* at p. 324.) The trial court dismissed the case pursuant to section 1382. The appellate court found section 1382 did not authorize such dismissals when the 10-day grace period had not expired. The appellate court also rejected the respondent's argument that section 1385 would authorize the dismissal. The court found that there was no showing of detriment to the defendant if the trial court continued the matter. "The People's right to be heard cannot be frustrated to accommodate judicial convenience or because of court congestion." (*Kessel, supra,* at p. 326.)

The court in *People v. Hernandez* (1979) 97 Cal.App.3d 451 [158 Cal.Rptr. 742] held that a section 1382 dismissal was unauthorized if the 10-day grace period had not run. Again, the respondent's section 1385 argument was rejected. The court reasoned that if section 1382 says that 10 days past the 60-day period is reasonable if a defendant consents, a dismiss-

al during the 10 days would be contrary to legislative policy and not in furtherance of justice. (*Hernandez, supra*, at p. 455.) The same result was reached in *People* v. *Arnold* (1980) 105 Cal.App.3d 456, 459 [164 Cal.Rptr. 367].

In *People* v. *Rubaum* (1980) 110 Cal.App.3d 930 [168 Cal.Rptr. 291] the court held that if the case could not be properly dismissed under section 1382, then it would be improper to dismiss under section 1385 because this would not be in furtherance of justice and would be an abuse of discretion. (*Rubaum, supra,* at p. 934.) The appellate court also rejected the argument made by the respondent in that case, which is likewise made by respondent in this case, that section 1050 should control the dismissal. Section 1050 governs continuances and is based on the premise that criminal proceedings shall be set for trial and heard and determined at the earliest possible time. The appellate court held that "[s]ection 1050 is directory only and does not mandate any dismissal of an action by its terms." (*Rubaum, supra*, at p. 935.) Because section 1050 is directory and section 1382 is mandatory, section 1382 controls. (*Rubaum, supra*, at pp. 934-935.)

Respondent's reliance on cases such as *People* v. *Brooks* (1980) 26 Cal.3d 471 [162 Cal.Rptr. 177, 605 P.2d 1306] and *People* v. *Rawlings* (1974) 42 Cal.App.3d 952 [117 Cal.Rptr. 651] is misplaced. As is correctly noted by the People, the prosecution in those cases declared itself unable to proceed after an adverse evidentiary ruling left it without sufficient evidence to proceed to trial. The record here demonstrates no evidentiary problem but rather a temporary unavailability of counsel.

■ Additionally, we are strongly guided by the detailed discussion contained in *People* v. *Orin, supra*, 13 Cal.3d 937, 945-947: "The trial court's power to dismiss an action under section 1385, while broad, is by no means absolute. Rather, it is limited by the amorphous concept which requires that the dismissal be 'in furtherance of justice.' As the Legislature has provided no statutory definition of this expression, appellate courts have been faced with the task of establishing the boundaries of the judicial power conferred by the statute as cases have arisen challenging its exercise. Thus, in measuring the propriety of the court's action in the instant case, we are guided by a large body of useful precedent which gives form to the above concept.

"From the case law, several general principles emerge. Paramount among them is the rule 'that the language of that section, "furtherance of justice," requires consideration both of the constitutional rights of the defendant, and *the interests of society represented by the People,* in determining whether there should be a dismissal. [Citations.]' [Citations.] At the very least, the

reason for dismissal must be 'that which would motivate a reasonable judge.' [Citations.]

" . . . . . . . . . . . . . . . . .

"Dismissals under section 1385 may be proper before, during and after trial. [Citation.] Before trial, such dismissals have been upheld where designed to enable the prosecution 'to obtain further witnesses, to add additional defendants, to plead new facts, or to plead new offenses . . . .' [Citations.] Pretrial dismissals under section 1385 may also be used to effectuate plea bargains arranged between the People and the defense and approved by the court. [Citation.] During trial, the court may properly upon the People's motion dismiss an action against one of several defendants where the prosecutor believes such defendant to be innocent. [Citations.] . . .

■ *"On the other hand, appellate courts have shown considerable opposition to the granting of dismissals under section 1385 in instances where the People are thereby prevented from prosecuting defendants for offenses of which there is probable cause to believe they are guilty as charged. Courts have recognized that society, represented by the People, has a legitimate interest in 'the fair prosecution of crimes properly alleged.' [Citation.] ' "[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion." [Citations.]' [Citation.]* [Italics added to this paragraph.]

"Permitting trial judges to make liberal use of section 1385 to avoid criminal prosecutions where probable cause exists to believe conviction is warranted would be contrary to the adversary nature of our criminal procedure as prescribed by the Legislature. [Citations.] Under the statutory scheme which has been established for the prosecution of crimes, the district attorney is required to 'institute proceedings before magistrates for the arrest of persons charged with or reasonably suspected of public offenses when he has information that such offenses have been committed.' [Citation.] The committing magistrate *must* hold the defendant to answer 'if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it.' [Citations.] Under ordinary circumstances, it would frustrate the orderly and effective operation of our criminal procedure as envisioned by the Legislature if without proper and adequate reason section 1385 were used to terminate the prose-

cution of defendants for crimes properly charged in accordance with legal procedure. [Citation.]"

The dismissal here served no policy objective. There was no showing of detriment to respondent nor any indication that the dismissal was necessary to protect his right to a fair trial. He was an out-of-custody defendant who until the moment of the instant hearing seemed in no rush to get to trial. The case was previously delayed when respondent requested and received new counsel; two weeks earlier, his new attorney had sought an even later trial date of March 20, 1989.

The prosecution proposed alternatives to being forced to assign a new attorney to the case to start jury selection immediately: (1) to trail the case an additional two court days, (2) to trail the case to follow the completion of the matter currently being handled by the assigned attorney in that particular trial department, or (3) to simply delay starting this trial until the afternoon of the same day when assigned counsel was expected to be available. Especially in light of the fact that the master calendar court, without an available department, had already trailed this case for three days, the prosecution proposed reasonable alternatives.

The dismissal was made well before the expiration of the statutorily mandated 10-court-day period. "[I]n view of the fundamental right of the People to prosecute defendants upon probable cause to believe they are guilty [citations], neither judicial convenience, court congestion, nor judicial pique, no matter how warranted, can supply justification for an order of dismissal." (*People* v. *Johnson* (1984) 157 Cal.App.3d Supp. 1, 8 [204 Cal.Rptr. 563], disapproved on other grounds in *People* v. *Cook* (1989) 209 Cal.App.3d 404 [257 Cal.Rptr. 226].)

Both parties requested this court to take judicial notice of the Rules of the Superior Court, County of Kern. In view of the authority previously set forth indicating that solely court congestion or judicial convenience cannot justify dismissal, we determine that the local rules are irrelevant to our discussion. Kern County cannot adopt rules which contravene clear legislative intent. (See *Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 29 [210 Cal.Rptr. 762, 694 P.2d 1134].) The requests for judicial notice are denied.

## DISPOSITION

The judgment of dismissal is reversed.

Best, Acting P. J., and Baxter, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 21, 1990. Mosk, J., was of the opinion that the petition should be granted.