129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HE PEOPLE OF THE TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Vincent Quichocho MUNOZ, Defendant-Appellant.
 No. 97-10141.
 United States Court of Appeals, Ninth Circuit.
 Nov. 10, 1997.
Submitted November 4, 1997*
 
 Appeal from the District Court of Guam Appellate Division, Honolulu, Hawaii; D.C. No. CR 94-00100--PCS Unpingco, George, Munson, Judges, Presiding.
 Before REINHARDT, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vincent Munoz appeals from the decision of the District Court of Guam, Appellate Division, affirming the Superior Court of Guam's judgment convicting him of theft and trespass. Munoz argues that the Appellate Division erred in finding his statutory and constitutional rights to a speedy trial were not violated. Specifically, he argues that there was no good cause for the delay between his arraignment on February 22, 1994, and the commencement of his trial on May 6, 1994. We affirm the decision of the Appellate Division.
 
 
 3
 Guam's equivalent of the federal Speedy Trial Act (18 U.S.C. § 3161) is contained in 8 G.C.A. § 80.60(a)(2), which provides that a criminal action shall be dismissed if the trial of a defendant who is in custody at the time of arraignment has not commenced within 45 days after his arraignment. However, a criminal action shall not be dismissed if good cause is shown. 8 G.C.A. § 80.60(b)(3).
 
 
 4
 Munoz first argues that the trial court failed to follow the requirements of 8 G.C.A. § 80.50(b), which provides that "the court shall enter in its minutes the facts proved which require the continuance." Munoz argues that the trial court's conclusory statements were inadequate and that this omission requires dismissal of the charges.
 
 
 5
 We reject this argument. The April 8, 1994 transcripts disclose that the court's discussion adequately included facts demonstrating the need for a continuance. For example, the court stated that a new defense attorney would need to spend additional time getting prepared for trial. Even if the court failed to enter the facts sufficiently in its minutes, this omission would not mandate dismissal of the charges. See Malengo v. Municipal Court of the E. Los Angeles Judicial Dist., 366 P.2d 453, 455 (Cal.1961) (interpreting a similar provision of the California Code).
 
 
 6
 Munoz next argues that the government failed to show good cause for the continuance. At the April 8 hearing, the government stated that it had relied upon defense counsel's representations that he would seek a continuance, and when he did not, the government was unable to secure its key witness who was in Japan. Delay which is caused by the conduct of the defendant constitutes good cause. See People v. Johnson, 606 P.2d 738, 746 (Cal.1980). Delay arising from unforeseen circumstances, such as the unavailability of a witness, constitutes good cause. Id. Furthermore, Munoz's attorney did not inform the court prior to the April 8 hearing that he had a scheduling conflict. The trial court did not abuse its discretion in granting a continuance for good cause.
 
 
 7
 Munoz argues that the trial court's denial of his motion to dismiss violated his Sixth Amendment right to a speedy trial. Munoz has failed to demonstrate that the 28-day delay beyond the speedy trial date or the three-month period between his arrest and trial was impermissibly long. See Barker v. Wingo, 407 U.S. 514, 530 (1972). Furthermore, Munoz has failed to show how he was prejudiced by the delay. Id. Therefore, Munoz's Sixth Amendment rights were not violated.
 
 
 8
 The decision of the Appellate Division is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3