Filed 10/12/21 (unmodified opn. and 10/5/21 modification order attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>DAJAH BROWN,<br><br>　　　Defendant and Appellant. | H048462<br>(Santa Clara County<br>Super. Ct. Nos. C1646856,<br>17AP002184)<br><br>ORDER MODIFYING OPINION AND<br>DENYING PETITION FOR<br>REHEARING<br>[CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on September 21, 2021, and modified by order on October 5, 2021, be further modified as follows:

1. On page 21, replace the first full paragraph, beginning "The Attorney General does not contend," with the following:

The Attorney General does not contend that the trial court erred here in its finding that the prosecutor's continuance request lacked good cause or that it abused its discretion in denying the continuance. Additionally, as raised for the first time in a joint petition for rehearing, Brown and the Attorney General agree that the admission of Brown's statements and other evidence for decision pursuant to *Bunnell v. Superior Court* (1975) 13 Cal.3d 592 was not harmless beyond a reasonable doubt. We accept the parties' assessment of prejudice resulting from the admission of evidence that should have been suppressed.

Since *Ferrer* provided the sole basis for the trial court's reversal of its decision to deny the continuance request, and the subsequent admission of evidence prejudiced Brown, we reverse the judgment. We order the trial court to reinstate its original orders denying the prosecution's request for a continuance and granting Brown's motion to suppress. We decline Brown's further suggestion that we order the trial court to dismiss the case. We leave it to the trial court—with the consultation of the parties—to determine the appropriate course of action following reinstatement of the trial court's original orders, including possible retrial within the time limits set by section 1382.

2. On page 21, delete the Disposition paragraph and replace it with the following:

The judgment is reversed and remanded for further proceedings consistent with this opinion, including for possible retrial. The trial court is ordered to reinstate its orders denying the prosecution's request for a continuance and granting Brown's motion to suppress.

This modification changes the judgment. Brown's and the Attorney General's joint petition for rehearing is denied.

Dated: _____          _____
                                                 Elia, Acting P.J.


                                 _____
                                                 Grover, J.


                                 _____
                                                 Danner, J.


**H048462**
***People v. Brown***

2

Filed 10/5/21 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAJAH BROWN,<br><br>    Defendant and Appellant. | H048462<br>(Santa Clara County<br>Super. Ct. Nos. C1646856,<br>17AP002184)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |


THE COURT:

It is ordered that the opinion filed herein on September 21, 2021, be modified as follows:

3. On page 2, footnote 2, delete "which was the basis of Brown's guilty plea."

   Footnote 2 should read:

   These facts are taken from the police report.

4. On page 5, replace "On March 20, Brown pleaded guilty" with:

On March 20, Brown waived her right to a jury trial and agreed the case could be tried by the court based upon the submission of the police report  (See *Bunnell v. Superior Court* (1975) 13 Cal.3d 592, 602–604.)  The trial court convicted Brown of loitering with the intent to commit prostitution (§ 653.22, subd. (a)).

There is no change in the judgment.

Dated: _____ _____
Elia, Acting P.J.


_____
Grover, J.


_____
Danner, J.

**H048462**
*People v. Brown*

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAJAH BROWN,<br><br>    Defendant and Appellant. | H048462<br>(Santa Clara County<br>Super. Ct. Nos. C1646856,<br>17AP002184) |

Appellant Dajah Brown was charged with misdemeanor loitering with the intent to commit prostitution in violation of Penal Code section 653.22, subdivision (a)[1] and later filed a motion to suppress evidence under section 1538.5. On the date scheduled for the hearing on Brown's motion, the prosecutor informed the trial court that his sole witness would not appear because, on his own initiative, he had released the officer from the subpoena to interview a witness in an unrelated investigation. The prosecutor requested a continuance of the hearing.

The trial court denied the prosecution's motion to continue the suppression hearing as lacking in good cause under section 1050 and, in the absence of any evidence offered by the prosecution to justify the warrantless search, granted Brown's motion to suppress. The prosecution later filed a motion for reconsideration of the trial court's orders on the motions for continuance and for suppression of evidence, stating the People

---

[1] Unspecified statutory references are to the Penal Code.

were unable to proceed with the case and, therefore, the trial court lacked authority to deny their motion for a continuance of the suppression motion under *People v. Ferrer* (2010) 184 Cal.App.4th 873, 877 (*Ferrer*). In *Ferrer*, the First District Court of Appeal decided that when it is reasonably foreseeable that denial of the prosecutor's request for a continuance under section 1050 will result in dismissal of the case, the trial court may not deny the requested continuance of a defendant's section 1538.5 motion. (*Ferrer*, at p. 886.)

Based on *Ferrer*, the trial court granted the People's motion for reconsideration, vacated its prior ruling on the motion to suppress, and granted a continuance of Brown's motion to suppress, which it ultimately denied. Brown was subsequently convicted and appealed to the appellate division of the Santa Clara County Superior Court, arguing *Ferrer* was wrongly decided. The appellate division, concluding it was bound by *Ferrer*, affirmed the judgment, but one of its members in a concurring opinion urged this court to reconsider the rule announced in *Ferrer*.

Brown filed a petition in this court to transfer the matter, which this court granted. For the reasons set out below, we decline to follow *Ferrer* and consequently reverse the judgment. We decide that if a trial court finds that the request for a continuance of a motion to suppress lacks good cause under section 1050, subdivision (e), the trial court has the authority to deny the requested continuance on that basis even if this decision may foreseeably result in a dismissal of the prosecution.

## I. FACTS AND PROCEDURAL BACKGROUND

### A. *Facts of the Offense*[2]

On July 13, 2016, around 11:30 p.m., San Jose Police Department Officer Nader Yasin, working in uniform, observed Brown loitering in an area known for prostitution. Brown walked away from the officer and began talking on her cell phone. The officer

---

[2] These facts are taken from the police report, which was the basis of Brown's guilty plea.

followed Brown and eventually spoke with her.  Brown acknowledged to the officer that she was working as a prostitute but hadn't had any "dates" yet.  When the officer asked Brown if she had any condoms, she showed him four.  The officer gave Brown *Miranda* warnings (see *Miranda v. Arizona* (1966) 384 U.S. 436); she waived those rights and gave a statement to the officer acknowledging loitering for purposes of prostitution. Officer Yasin did not secure a search warrant at any point in his investigation of Brown.

### B.  *Proceedings in the Trial Court*

On July 13, 2016, Brown was charged by citation with one violation of section 653.22, subdivision (a), misdemeanor loitering with the intent to commit prostitution. She was arraigned on December 22, 2016.  On January 19, 2017,[3] Brown filed a motion to suppress evidence under section 1538.5.  Brown sought to suppress any statements she had made to Officer Yasin and any evidence obtained from her interaction with him.  The trial court scheduled a hearing on the motion for February 17 and ordered Brown present.

On February 17, the parties appeared for the hearing on the motion to suppress. The prosecutor had not filed a written motion to continue but at the hearing orally requested a continuance.  He stated that shortly before the hearing was scheduled to begin, he received a phone call from Officer Yasin in which the officer told the prosecutor that he needed to interview a witness in an ongoing investigation.  Although the officer had been subpoenaed for the hearing, the prosecutor told the officer "it would be okay for him to do that."  The prosecutor noted that the defendant had waived time for trial.  The trial court opined that the People had not shown good cause for a continuance but agreed to "pass" the matter until later in the afternoon so the prosecutor could request that the officer come to court for the hearing.

When the hearing resumed, the prosecutor stated that the officer would not be appearing that day but contended that the unforeseen circumstances of the other

---

[3] Unless otherwise noted, all dates occurred in 2017.

3

investigation constituted good cause.  He asserted he would need only a short continuance for the hearing on the motion to suppress.  Brown objected to the continuance and maintained that the prosecutor had not shown good cause under section 1050.  She observed that the witness was available and was properly subpoenaed but was "willfully choosing not to be here and given permission by the People."

The trial court agreed that the People had not shown good cause for the continuance and, exercising its discretion, declined to grant one.  The court noted it was not "workable" for parties on their own to excuse necessary witnesses.  The court observed that other investigators could interview witnesses and stated it was "not satisfied or I don't believe whatever it is that the officer is doing is so indispensable that it requires his absence from these proceedings."

Following the trial court's denial of the continuance request, the prosecutor stated he was unable to proceed with the hearing on the motion.  Based on this representation, the trial court granted the motion and ordered suppressed any statements made by Brown to the officer.  The prosecutor observed that "a lot of the evidence in this case was evidence obtained by . . . observation from the police officer before any contact with the defendant" and requested another court date to consider whether he could proceed with the prosecution.  He did not mention *Ferrer*.  Brown withdrew her time waiver and requested the trial be set on a time-not-waived basis.  The court set a trial date of March 6 and a trial readiness date of March 2.

On March 2, the prosecutor filed a motion for reconsideration.  In the motion, the People asserted, based on the trial court's denial of the continuance and its granting of the motion to suppress, that the prosecution was unable to proceed with the case.  Citing *Ferrer*, *supra*, 184 Cal.App.4th 873, the People contended that the trial court had no authority under sections 1050 and 1050.5 to refuse to grant a continuance—even in the absence of good cause—where the foreseeable result of that refusal would be dismissal of

4

the case.  Brown opposed the trial court's vacatur of its order granting her section 1538.5 motion.

In light of the district attorney's motion for reconsideration, the trial court vacated its previous rulings granting the section 1538.5 motion and denying the request for a continuance.  The trial court maintained that it still found no good cause for the continuance but believed it did not have authority to deny a continuance under *Ferrer*, *supra*, 184 Cal.App.4th 873.  The court set the matter for a new section 1538.5 hearing on March 17 and for trial on March 20.

On March 17, the trial court formally granted the People's motion for reconsideration and held an evidentiary hearing on Brown's section 1538.5 motion at which Officer Yasin and Brown testified.  The trial court denied Brown's section 1538.5 motion.

On March 20, Brown pleaded guilty.  The trial court suspended imposition of sentence, placed Brown on three years of court probation, did not order any jail time, and ordered her to stay away from the corner of Almaden Avenue and Goodyear Street in San Jose.  The court ordered that Brown pay $235 in fines and fees.  The trial court stayed Brown's sentence pending appeal.

C.  *Proceedings in the Appellate Division*

Brown appealed to the appellate division of the Santa Clara County Superior Court.  She argued, first, *Ferrer* was wrongly decided and, second, inapplicable on its facts because it was not reasonably foreseeable that granting the motion to suppress would inevitably result in dismissal of the prosecution.

On August 20, 2020, over three years after Brown filed her notice of appeal, the appellate division affirmed the judgment.  The appellate division stated it was bound by *Ferrer*, *supra*, 184 Cal.App.4th 873, and it agreed with the trial court that it was " 'reasonably foreseeable' " that suppression of the evidence would result in a dismissal. (*People v. Brown* (Super. Ct. Santa Clara County, 2020, No. 17AP002184) at p. 2

5

(*Brown*).) Therefore, it affirmed the trial court's decision that, under *Ferrer*, it had no authority to deny the district attorney's request for a continuance. (*Ibid*.) Judge Saban, who authored the majority opinion, also authored an individual concurring opinion. She wrote separately to "urge the Court of Appeal to reconsider the rule announced in *Ferrer*," which in her view was unsupported by the text of the relevant statutes or precedent. (*Brown*, conc. opn. of Saban, J. at p. 1.)

Brown filed an application to transfer in the appellate division, which was denied by a vote of 2-1. Brown petitioned this court to transfer the matter (Cal. Rules of Court, rule 8.1006(a)), and this court on November 6, 2020, ordered by a vote of 2-1 that the case be transferred to us for hearing and decision. (Cal. Rules of Court, rules 8.1002, 8.1008.)

## II. DISCUSSION

Brown contends that *Ferrer* was wrongly decided and argues that the rule announced in the case conflicts with the texts of sections 1050 and 1050.5 and undermines the intent of section 1538.5. Brown urges this court to reverse the judgment, order the trial court to reinstate its original orders denying the prosecution's request for a continuance and granting Brown's motion to suppress, and order the trial court to dismiss the case based on the prosecution's statement that it could not proceed with the prosecution absent the statements taken by the officer. The Attorney General maintains that *Ferrer* was correctly decided and this court should affirm the judgment. The Attorney General does not address the appropriate remedy in the event this court declines to follow *Ferrer*.

The sole issue before us is one of statutory construction, which we review de novo. (*People v. Tran* (2015) 61 Cal.4th 1160, 1166.) As the above discussion makes clear, the opinion in *Ferrer* is central to this appeal.

6

A.  *The* Ferrer *Decision*

The key facts here largely mirror those in *Ferrer*, and we agree with much of the statutory background the opinion sets out.  It notes that section 1050 applies to the People's request for a continuance on a motion to suppress and "[n]ormally, the prosecutor's failure to show good cause would require the trial court to deny the motion for a continuance under section 1050, subdivisions (d) and (e).  (§ 1050, subd. (d) ['If the moving party is unable to show good cause for the failure to give notice, the motion for continuance shall not be granted.']; § 1050, subd. (e) ['Continuances shall be granted only upon a showing of good cause.']."  (*Ferrer*, *supra*, 184 Cal.App.4th at p. 879.)

Nevertheless, *Ferrer* reasoned that "other statutory provisions effectively limit the trial court's authority to deny a request for a continuance.  In particular, in 2003 the Legislature passed Assembly Bill No. 1273 (2003–2004 Reg. Sess.), which added subdivision (*l*) to section 1050.  (Stats. 2003, ch. 133, § 1.)  The provision states:  'This section is directory only and does not mandate dismissal of an action by its terms.' (§ 1050, subd. (*l*).)  Moreover, while a court may impose sanctions under section 1050.5 if a party fails to show good cause for failure to provide notice (§ 1050, subd. (c)), including the imposition of fines or the filing of a report with a disciplinary committee (§ 1050.5, subd. (a)), Assembly Bill No. 1273 also amended section 1050.5, subdivision (b), to read:  'The authority to impose sanctions provided for by this section shall be in addition to any other authority or power available to the court, *except that the court or magistrate shall not dismiss the case*.'  (Italics added.)  (Stats. 2003, ch. 133, § 2; see also [*People v. Henderson* (2004) 115 Cal.App.4th 922,] 935 [(*Henderson*)].)"  (*Ferrer*, *supra*, 184 Cal.App.4th at pp. 879–880.)

In deciding that the trial court did not have the authority to deny a request for a continuance, *Ferrer* relied on two prior decisions of the Courts of Appeal, one of which predated Assembly Bill No. 1273, and one of which postdated it.  *Ferrer* said of the former, "In *People v. Ferguson* (1990) 218 Cal.App.3d 1173, 1175–1178, 1183

7

(*Ferguson*), the case cited in the Assembly Bill No. 1273 legislative history, the trial court refused to continue a trial and dismissed a case due to the prosecution's inability to proceed; the Court of Appeal ruled that the trial court abused its discretion in rejecting the prosecution's request to delay the trial. In codifying the result in *Ferguson*, the Legislature must have understood that it was obligating trial courts to grant continuances where necessary to avoid a dismissal, even in the absence of a showing of good cause." (*Ferrer*, *supra*, 184 Cal.App.4th at p. 881.)

With respect to the latter case, *Ferrer* observed, "The court in *Henderson* expanded upon the reasoning in *Ferguson* and applied it to the preliminary hearing context. (*Henderson*, *supra*, 115 Cal.App.4th at p. 939.) In *Henderson*, a magistrate dismissed a case after denying the prosecutor's request for continuance of the preliminary hearing. (*Id*. at pp. 928–929.) The court applied sections 1050 and 1050.5 as they read before Assembly Bill No. 1273, but the court discussed the Assembly Bill No. 1273 amendments, which were in place at the time of the decision. *Henderson* concluded that Assembly Bill No. 1273 merely codified existing law and that nothing in section 1050 or section 1050.5 authorized dismissal of the action as a sanction for the prosecutor's failure to show good cause for a continuance. (*Henderson*, at pp. 934–935.)" (*Ferrer*, *supra*, 184 Cal.App.4th at p. 881.)

Addressing dismissal, the court in *Ferrer* observed, "In *Henderson*, *supra*, 115 Cal.App.4th at p. 929, the direct consequence of the failure to show good cause was denial of the motion for a continuance; it was the prosecution's inability to proceed with the preliminary hearing that resulted in dismissal of the case. Similarly, in *Ferguson*, *supra*, 218 Cal.App.3d at p. 1179, it was the prosecution's inability to proceed with trial that resulted in dismissal of the case. This case is analogous. Although the trial court did not literally dismiss the action as a sanction for the prosecutor's failure to show good cause, it was clear at the time that denial of the request to continue the hearing was likely to lead to dismissal of the case." (*Ferrer*, *supra*, 184 Cal.App.4th at p. 882.)

8

Relying on the opinions in *Ferguson* and *Henderson*, and extending the reasoning of those decisions to hearings on motions to suppress, the *Ferrer* court decided, because "it was reasonably foreseeable that denial of the prosecutor's request for a continuance would result in dismissal of the case, we conclude the trial court erred in denying the requested continuance of defendant's section 1538.5 motion." (*Ferrer*, *supra*, 184 Cal.App.4th at p. 886.)

While we agree with the statutory background set out in *Ferrer*, we do not concur in the opinion's construction of sections 1050 and 1050.5. We explain the basis for our conclusion below.

B. *Authority to Deny a Motion for a Continuance of the Hearing on the Motion to Suppress*

1. Sections 1050 and 1050.5

The language of section 1050 makes clear that the Legislature sought to decrease the granting of continuances in criminal cases. It states, "The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time. To this end, the Legislature finds that the criminal courts are becoming increasingly congested with resulting adverse consequences to the welfare of the people and the defendant. Excessive continuances contribute substantially to this congestion and cause substantial hardship to victims and other witnesses. Continuances also lead to longer periods of presentence confinement for those defendants in custody and the concomitant overcrowding and increased expenses of local jails. It is therefore recognized that the people, the defendant, and the victims and other witnesses have the right to an expeditious disposition, and to that end it shall be the duty of all courts and judicial officers and of all counsel, both for the prosecution and the defense, to expedite these proceedings to the greatest degree that is consistent with the ends of justice." (§ 1050, subd. (a).) To that end, section 1050 mandates that

9

"[c]ontinuances shall be granted only upon a showing of good cause." (§ 1050, subd. (e).)

Section 1050, subdivision (b) (hereafter section 1050(b)) requires a party that seeks to continue a hearing in a criminal proceeding to provide written notice at least two court days before the hearing. If a party fails to comply with section 1050(b), two consequences follow. First, "the court shall hold a hearing on whether there is good cause for the failure to comply with those requirements. . . . If the moving party is unable to show good cause for the failure to give notice, the motion for continuance shall not be granted." (§ 1050, subd. (d) (hereafter § 1050(d).) Second, "a party may make a motion for a continuance without complying with [section 1050(b)]. However, unless the moving party shows good cause for the failure to comply with those requirements, the court may impose sanctions as provided in Section 1050.5." (§ 1050, subd. (c).)

Section 1050 also carves out an exception in subdivision (k), which states that the section "shall not apply when the preliminary examination is set on a date less than 10 court days from the date of the defendant's arraignment on the complaint, and the prosecution or the defendant moves to continue the preliminary examination to a date not more than 10 court days from the date of the defendant's arraignment on the complaint." (§ 1050, subd. (k).)

Finally, subdivision (l), added by Assembly Bill No. 1273, provides that section 1050 "is directory only and does not mandate dismissal of an action by its terms." (§ 1050, subd. (l) (hereafter § 1050(l).)

Section 1050.5, the provision cross-referenced in section 1050, subdivision (c), states in full:

"(a) When, pursuant to subdivision (c) of Section 1050, the court imposes sanctions for failure to comply with the provisions of subdivision (b) of Section 1050, the court may impose one or both of the following sanctions when the moving party is the prosecuting or defense attorney: [¶] (1) A fine not exceeding one thousand dollars

10

($1,000) upon counsel for the moving party.  [¶]  (2) The filing of a report with an appropriate disciplinary committee.  [¶]  (b) The authority to impose sanctions provided for by this section shall be in addition to any other authority or power available to the court, except that the court or magistrate shall not dismiss the case."  (§ 1050.5.)

### 2. Analysis

We now turn to the application of these provisions to the facts here.  In so doing, we employ familiar principles of statutory interpretation.  " ' " 'When we interpret a statute, "[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose.  We first examine the statutory language, giving it a plain and commonsense meaning.  We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment.  If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.  If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy."  [Citation.]  "Furthermore, we consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' " ' "  (*Smith v. LoanMe, Inc.* (2021) 11 Cal.5th 183, 190.)

At the outset, we observe that section 1050.5 by its terms was not applied in this case.  Section 1050.5 sets out sanctions for failure to comply with section 1050(b).  Section 1050(b), in turn, codifies the requirement that a motion to continue be made in writing two court days before the hearing.  (§ 1050(b).)  Here, the trial court did not impose sanctions for the prosecution's failure to make a written motion to continue— instead, the trial court found that the prosecution's request for a continuance was not supported by good cause.  At the February 17 hearing, the trial court did not reference

11

any failure to make a written request but focused instead on the reason for which the officer was not present—namely, the prosecutor's unilateral decision to tell the officer he need not comply with the subpoena so he could interview a witness in an unrelated investigation. The requirement for good cause appears in section 1050, subdivision (e), which is not referenced in section 1050.5.

Therefore, the only basis for the rule announced in *Ferrer* and urged by the Attorney General here—that a trial court may not deny a request to continue a motion to suppress where it is reasonably foreseeable that denial of the continuance would result in dismissal of the case—must be section 1050 itself.

We see no basis in the statutory text for such a rule. Section 1050 states that the section "is directory only and does not mandate dismissal of an action by its terms." (§ 1050(*l*).) The California Supreme Court has described the difference between a directory and mandatory statute: "Traditionally, the question of whether a public official's failure to comply with a statutory procedure should have the effect of invalidating a subsequent governmental action has been characterized as a question of whether the statute should be accorded 'mandatory' or 'directory' effect. If the failure is determined to have an invalidating effect, the statute is said to be mandatory; if the failure is determined not to invalidate subsequent action, the statute is said to be directory." (*People v. McGee* (1977) 19 Cal.3d 948, 958.)

We understand the use of the characterization "directory" in section 1050(*l*) to mean that the trial court is not *required* to dismiss an action because of a party's failure to comply with section 1050,[4] but it can hardly stand for the proposition that the trial court

---

[4] Indeed, as early as 1961, the California Supreme Court held that the provisions of section 1050 are not mandatory. "Defendant argues that [section 1050] is mandatory and therefore that since there was an absence of proof in open court that the ends of justice required a continuance, respondent court lost jurisdiction to proceed with the trial of the case. [¶] This contention is devoid of merit, for the reason that section 1050 of the Penal Code, providing for the time for trial of criminal cases, is directory only and

12

has no authority— for example, under section 1385 (authorizing dismissal of an action on application of the prosecuting attorney, or on the trial court's own motion[5])—to dismiss an action in the first place. If the trial court had no such authority, then there would be no need for the statute to describe dismissal as a directory and not a mandatory consequence of its violation. Similarly, if the Legislature had intended to articulate a rule that a trial court shall not dismiss a matter following a failure to comply with section 1050 as a whole (rather than simply 1050(b), as it did in section 1050.5), it could have done so. It chose not to do so in either section 1050 or 1050.5.

Our interpretation of the relatively straightforward language of section 1050 is also informed by *Ferguson*, *supra*, 218 Cal.App.3d 1173 and *Henderson*, *supra*,115 Cal.App.4th 922—the two opinions referenced in *Ferrer*—and by the legislative history of Assembly Bill No. 1273, which added subdivision (*l*) to section 1050.

As described above, in *Ferguson* the Court of Appeal considered whether the trial court in that case had the authority to dismiss a felony prosecution when the assigned prosecutor was unavailable for trial and there remained several days under section 1382 for the defendant to be brought to trial.[6] (See *Ferguson*, *supra*, 218 Cal.App.3d at

_____

contains no provision for the dismissal of a case when its terms are not complied with." (*Malengo v. Municipal* (1961) 56 Cal.2d 813, 816.)

[5] This provision states in relevant part: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal shall be stated orally on the record. The court shall also set forth the reasons in an order entered upon the minutes if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter. A dismissal shall not be made for any cause that would be ground of demurrer to the accusatory pleading." (§ 1385, subd. (a).)

[6] Section 1382 provides in relevant part, "The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases: [¶]… [¶] (2) In a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment on an indictment or information. . . . However, an action shall not be dismissed under this paragraph if . . . [¶] . . . [¶] (B) The defendant requests or consents to the setting of a trial date beyond the 60-day period. In the absence of an

13

pp. 1176–1177.) The Court of Appeal concluded that the trial court did not have the authority to dismiss the case under section 1382, because there remained time for trial under that provision. (*Ferguson*, at p. 1178.) Turning to other potential sources of authority for the trial court's order dismissing the case, the Court of Appeal concluded that the trial court had abused its discretion under section 1385 because there was probable cause to believe the defendant was guilty and the dismissal served no policy objective because the defendant was out of custody. (*Id*. at pp. 1182–1183.)

In reaching its holding, the Court of Appeal in *Ferguson* rejected the possibility that the trial court had the authority to dismiss the matter under section 1050. The court in *Ferguson* relied upon an earlier decision, *People v. Rubaum* (1980) 110 Cal.App.3d 930 (*Rubaum*). The appellate court in *Rubaum* reasoned that section 1050 should not "control the dismissal" (*Ferguson, supra,* 218 Cal.App.3d at p. 1181) because section 1050 "governs continuances and is based on the premise that criminal proceedings shall be set for trial and heard and determined at the earliest possible time." (*Ibid.*) *Ferguson* adopted *Rubaum*'s conclusion that " '[s]*ection 1050 is directory only and does not mandate any dismissal of an action by its terms*.' " (*Rubaum*, *supra*, at p. 935 [italics added].) Because section 1050 is directory and section 1382 is mandatory, section 1382 controls. (*Rubaum*, *supra*, at pp. 934–935.)" (*Ferguson*, *supra*, at p. 1181.)

This italicized language from *Rubaum*, also quoted in *Ferguson*, was added in 2003 by Assembly Bill No. 1273 to section 1050, where it now appears as section 1050(*l*). (Assem. Bill No. 1273 (2003-2004 Reg. Sess.) as amended by the Assembly on May 1, 2003; § 1050(*l*).) Construing the effect of this relatively modest change to section 1050, however, is complicated by language that was originally part of Assembly Bill No.

---

express general time waiver from the defendant, or upon the withdrawal of a general time waiver, the court shall set a trial date. Whenever a case is set for trial beyond the 60-day period by request or consent, expressed or implied, of the defendant without a general waiver, the defendant shall be brought to trial on the date set for trial or within 10 days thereafter." (§ 1382, subd. (a)(2).)

14

1273 and deleted before the legislation's final enactment but which continued to be included in materials describing the effect of the bill.  Later courts, including *Henderson*, relied on the description of the omitted language—instead of the actual text of the final bill—in describing the import of Assembly Bill No. 1273.

*Henderson*, *supra*, 115 Cal.App.4th 922, the principal case cited by *Ferrer*, rested in part on the legislative history of Assembly Bill No. 1273 in reaching its conclusion that "the trial court has no authority to dismiss an action, even when the People have failed to show good cause for a continuance under section 1050, so long as the requested date for the preliminary hearing is within the statutory time limit established in section 859b.[7]" (*Henderson*, *supra*, 115 Cal.App.4th at p. 939.)  In particular, the court in *Henderson* cited legislative materials that assert that Assembly Bill No. 1273 " 'codifies existing case law which provides that the courts may not dismiss a case due to a failure to meet the good cause requirements for a continuance, before the expiration of the 60–day statutory limit.' " (*Id*. at p. 935.)  The court in *Henderson* relied on this language to

---

**7** Section 859b states in relevant part:  "Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later, or within 10 court days of the date criminal proceedings are reinstated pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2.  [¶]  Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment, plea, or reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2, and the defendant has remained in custody for 10 or more court days solely on that complaint, unless either of the following occur:  [¶]  (a) The defendant personally waives his or her right to preliminary examination within the 10 court days.  [¶]  (b) The prosecution establishes good cause for a continuance beyond the 10-court-day period.  [¶] . . . [¶]  The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2, unless the defendant personally waives his or her right to a preliminary examination within the 60 days."  (§ 859b.)

15

conclude that "a dismissal is a disfavored and possibly unauthorized remedy" (*id*. at p. 936) "so long as the requested date for the preliminary hearing is within the statutory time limit established in section 859b." (*Id*. at p. 939.)

It is true that this language quoted in *Henderson* appears in the legislative history for Assembly Bill No. 1273. (See Rep. Nakanishi, sponsor of Assem. Bill No. 1273 (2003-2004 Reg. Sess.), Enrolled Bill Mem. to Governor, Oct. 6, 2003.) It is also true that the bill at one point included language in the proposed legislation stating that "The good cause requirement shall not apply to a prosecution or defense motion to continue a felony trial to a date not more than 60 days from the date of the defendant's arraignment on the information, or to a date not more than 10 days from a trial date set following the defendant's waiver pursuant to subparagraph (B) of paragraph (2) of subdivision (a) of section 1382. This exception to the requirement of a finding of good cause is intended to codify existing case law." (Assem. Bill No. 1273 (2003-2004 Reg. Sess.) as introduced on Feb. 21, 2003.)

However, this language was *deleted* from the bill before it was enacted. (Assem. Bill No. 1273 (2003-2004 Reg. Sess.) as amended by the Assem. on May 1, 2003.) The legislative history does not appear to explain why the language was intentionally omitted, but it is clear that it was. The intentional deletion of this language undercuts any conclusion that, in enacting Assembly Bill No. 1273, the Legislature adopted the rule that "courts may not dismiss a case due to a failure to meet the good cause requirements for a continuance, before the expiration of the 60–day statutory limit," as asserted in the materials accompanying the bill. (Rep. Nakanishi, sponsor of Assem. Bill No. 1273 (2003-2004 Reg. Sess.), Enrolled Bill Mem. to Governor, Oct. 6, 2003.) In fact, the Legislative elected *not* to include the language that would have specified this rule.

Confusingly, the description of the bill after its amendment continued to include references to the deleted language. (See Rep. Nakanishi, sponsor of Assem. Bill No. 1273 (2003-2004 Reg. Sess.), Enrolled Bill Mem. to Governor, Oct. 6, 2003.) However,

16

these summaries of legislative intent, which do not correspond to the bill's final text, do not permit us to ignore the text of the enacted statute.

"A court 'may not rewrite a statute, either by inserting or omitting language, to make it conform to a presumed intent that is not expressed' " in the statutory language. (*Kaanaana v. Barrett Business Services, Inc.* (2021) 11 Cal.5th 158, 171; see also *McWilliams v. City of Long Beach* (2013) 56 Cal.4th 613, 624 [" ' "[t]he rejection by the Legislature of a specific provision contained in an act as originally introduced is most persuasive to the conclusion that the act should not be construed to include the omitted provision" ' "].) *Henderson* and *Ferrer*, which incorporated *Henderson*'s reasoning, appear to have ignored the critical point that the language was deleted from the bill, even though materials accompanying it (erroneously) continued to include it in their bill summaries.[8]

The only language added by Assembly Bill No. 1273 to section 1050 was subdivision (*l*), which we have already concluded does not support the rule that a trial court has no authority to dismiss an action as a consequence of a party's failure to comply with section 1050. Further, the only proceeding expressly excluded from the good cause requirement appears at subdivision (k),[9] which applies to preliminary hearings set fewer than 10 court days from the date of arraignment (§ 1050, subd. (k)) and does not reference motions to suppress.

---

[8] The Court of Appeal in *Henderson* acknowledged that "defendant may argue that [Assembly Bill No. 1273] effectively changed existing law" (*Henderson*, *supra*, 115 Cal.App.4th at p. 936) but then asserted "the amendments are entirely consistent with the cases below that show that a dismissal is a disfavored and possibly unauthorized remedy in circumstances such as the one presented here." (*Ibid*.) However, *Henderson* did not acknowledge that the bill in fact deleted both the proposed language most closely tracking the prior cases and the statement that the bill codified existing case law.

[9] This subdivision predated Assembly Bill No. 1273. (See former § 1050 (Stats. 2002, ch. 788, § 1).)

In short, section 1050 does not contain any exceptions referencing either the 60-day trial rule or, critically for this appeal, section 1538.5. " 'Under the maxim of statutory construction, *expressio unius est exclusio alterius*, if exemptions are specified in a statute, we may not imply additional exemptions unless there is a clear legislative intent to the contrary.' " (*Lopez v. Sony Electronics, Inc.* (2018) 5 Cal.5th 627, 635–636.) The legislative history makes clear that the Legislature explicitly declined to expand the list of hearings falling outside the section 1050 good cause requirement beyond the 10-day preliminary hearing. Under these circumstances, we decline to add an exception for hearings on motions to suppress under section 1538.5.

Further, as noted above, section 1050.5, as enacted by the Legislature in Assembly Bill No. 1273, does *not* state that a court may not dismiss a case following a party's failure to comply with section 1050 generally. It precludes dismissal for failure to comply with section 1050(b)—the requirement that the motion to continue be timely filed in writing. (§ 1050.5, subd. (a) ["When, pursuant to subdivision (c) of Section 1050, the court imposes sanctions *for failure to comply with the provisions of subdivision (b)* of Section 1050 . . . ."], italics added.) The limited scope of section 1050.5's restriction on a trial court's authority to dismiss an action for failure to comply with section 1050(b) further supports a conclusion that a trial court must otherwise possess that authority. In its analysis, *Ferrer* overlooked this limitation. As the trial court here did not rely on the lack of a written motion to continue to deny the requested continuance, section 1050.5's restriction on dismissal was not triggered.

For the reasons stated above, we find no statutory support in either section 1050 or section 1050.5 for the rule announced in *Ferrer.* We are not called on here to determine whether *Henderson* (which applied the earlier rule announced in *Ferguson* to the context of preliminary hearings) was correctly decided. Indeed, it bears noting that while *Ferrer* relied on *Ferguson* and *Henderson,* those cases analyzed a different question. Neither *Ferguson* nor *Henderson* considered the propriety of the denial of a continuance.

18

Instead, both examined whether the trial court had erred in dismissing the case after the denial of a continuance and found error based in part on section 1385. (*Ferguson*, *supra*, 218 Cal.App.3d at pp. 1179–1180; *Henderson*, *supra*, 115 Cal.App.4th at p. 929.) By contrast, *Ferrer* concluded that the trial court lacked the authority to deny a continuance based on the strained statutory construction of sections 1050 and 1050.5 we now reject. Because neither case directly addressed the trial court's authority to grant a continuance, we conclude that *Ferguson* and *Henderson* do not support the rule announced in *Ferrer*.

Furthermore, unlike the rules announced in *Henderson* and *Ferguson*, which in practice preclude the trial court from denying a motion for continuance of a trial or preliminary hearing if there remains time left under the statutes dictating the timing of those proceedings, the *Ferrer* rule poses distinctive difficulties in application. Under *Ferguson* and *Henderson*, the trial court need only consult the last day for trial or preliminary hearing when deciding whether it must continue the case to avoid ordering an unauthorized dismissal. (See §§ 1382, 859b.)

By contrast, section 1538.5 does not set out a single timeline by which the defendant must bring a motion to suppress. (See § 1538.5, subds. (h) & (i).) Therefore, the trial court cannot determine the consequence of denying a continuance request by consulting a calendar. Instead, under the *Ferrer* rule, the trial court must assess whether "it [is] reasonably foreseeable that denial of the prosecutor's request for a continuance [will] result in dismissal of the case." (*Ferrer*, *supra*, 184 Cal.App.4th at p. 886.)

The case at hand illustrates the difficulties with this standard. When the trial court first denied the continuance, the prosecutor indicated he believed he could still go forward with the case. The People would likely have relied upon evidence other than Brown's statements, such as the officer's observations, and his training and experience with the crime and the location. Moreover, there is a suggestion in the record that Brown had a prior conviction for the same offense, which might have been admissible. Nevertheless, at the following hearing (and presumably after having read *Ferrer*), the

prosecutor reversed course and asserted that the denial of the continuance would result in dismissal.  The trial court credited the latter representation, and it is hard to see how it could have made any independent assessment of the strength of the People's evidence.

Consequently, even though the language of section 1050 states it "shall be the duty of all courts and judicial officers . . . to expedite [criminal] proceedings to the greatest degree that is consistent with the ends of justice" (§ 1050, subd. (a)), the *Ferrer* rule delegates the trial court's management of its own criminal calendar to a party seeking a delay and who by definition has failed to meet the good cause standard required by the statute.  In this case, for example, the prosecutor elected to release the officer from a subpoena to conduct an interview without first consulting the court and opposing counsel and without asking the officer to remain on standby in the event the court or opposing counsel objected.  It is hard to imagine how any court could find good cause under those circumstances.

For these reasons, we decline to follow the rule announced in *Ferrer*.  We hold that if the trial court finds that the request for a continuance of a motion to suppress lacks good cause, the court has the authority to deny the requested continuance for lack of good cause under section 1050, subdivision (e), even if this decision may foreseeably result in a dismissal of the matter for lack of evidence.[10]  We leave the decision whether to grant

---

[10] We reject the Attorney General's contention that this holding contravenes the California Constitution's bar on the exclusion of evidence in criminal cases except where that evidence was obtained in violation of a defendant's Fourth Amendment rights.  (See Cal. Const., art. I, § 28, subd. (f)(2); *In re Lance W.* (1985) 37 Cal.3d 873, 890.)  A warrantless search is presumptively a violation of the Fourth Amendment, and the government bears the burden of establishing an exception to the warrant requirement. (*People v. Williams* (1999) 20 Cal.4th 119, 130, 136–137.)  If the government concedes (as it did here) that it acted without a warrant and is unable or unwilling to elicit any evidence supporting a legal justification for that action at the hearing on a motion to suppress, then the trial court may properly decide that the government has not carried its burden, conclude the defendant's Fourth Amendment rights were violated, and grant the motion.

or deny a continuance request to the sound discretion of the trial court, using the standards set out in sections 1050 and 1050.5, and exercising its judgment and experience in light of the particular circumstances before it.

The Attorney General does not contend that the trial court erred here in its finding that the prosecutor's continuance request lacked good cause or that it abused its discretion in denying the continuance. Since *Ferrer* provided the sole basis for the trial court's reversal of its decision to deny the continuance request, we reverse the judgment. We order the trial court to reinstate its original orders denying the prosecution's request for a continuance and granting Brown's motion to suppress. We decline Brown's further suggestion that we order the trial court to dismiss the case. We leave it to the trial court—with the consultation of the parties—to determine the appropriate course of action following reinstatement of the trial court's original orders.

## III. DISPOSITION

The judgment is reversed and remanded for further proceedings. The trial court is ordered to reinstate its orders denying the prosecution's request for a continuance and granting Brown's motion to suppress.

21

_____

                                      Danner, J.

WE CONCUR:

_____

Elia, Acting P.J.

_____

Grover, J.

**H048462**
*People v. Brown*

Trial Court:     County of Santa Clara

Trial Judge:    Hon. Jesus Valencia, Jr.

Counsel:        William Robinson, by appointment of the Court of Appeal under the
                Sixth District Appellate Program, for Defendant and Appellant.

                Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant
                Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney
                General, Seth K. Schalit, Supervising Deputy Attorney General,
                Bridget Billeter, Deputy Attorney General for Plaintiff and
                Respondent.

**H048462**
*People v. Brown*